Parsons, C. J.
It is very certain that- the conveyance to Thomas Hearsey and his wife was to them as joint tenants. The petitioners must rely on the statute of 1785, c. 62., considering that by its operation this joint tenancy was changed into a tenancy in common. In the fourth section of the statute, after reciting that joint tenancies are often created by grantors and devisors against their intentions, through ignorance of the proper terms to create tenancies in common, which are more beneficial to the commonwealth, and consonant to the genius of republics, it is enacted that all conveyances and devises, which have been, or shall be made to two or more persons, shall be adjudged to be tenancies in common, unless it manifestly appears to have been the intent of the parties to the instrument that joint tenancies were intended; provided that the act shall not affect any estate already vested in the survivors. Upon the construction of this statute rests the right of the petitioners.
Joint tenancies, where the tenants are not man and wife, may be severed, and the right of survivorship be defeated at the will of either tenant; either by partition, or by alienation of his purparty, which shall be holden by the purchaser as a tenant in common. For two joint tenants generally hold by moieties, and not by entire-ties. As therefore a joint tenancy of this nature may be destroyed at the pleasure of either tenant, the statute very reasonably presumes that such tenancy was not intended in the conveyance, [ * 523 ] and has enacted that, unless * a joint tenancy appear to be intended, the estate shall be holden in common.
But this construction of the statute cannot reasonably be extended to a conveyance to husband and wife.
Here a severance of the tenancy cannot be had at the will either pf the husband or the wife. They do not take by moieties, but by entireties; and the alienation oí the husband of a moiety will not defeat the wife’s title to that moiety, if she survive him.
The statute speaks of conveyances to two or more persons ; but a conveyance to husband and wife is, in legal construction, a conveyance but to one person: For if an estate be conveyed expressly in joint tenancy to a husband and wife and to a stranger, the latter shall take one moiety, and the husband and wife, as one person, *405 shall take the other moiety. And it is difficult to assign any good reason why survivorship between husband and wife is prejudicial to the commonwealth, or repugnant to the genius of republics. The statute must therefore be confined to the conveyances of joint estates, which usually happen, to two or more persons strangers, and not to man and wife, who, for this purpose, are in law but one poison (1).
Mitchell, for the petitioners.
Thomas, for the respondents.
Accordingly, it has been twice determined that this statute did ot extend to conveyances to husband and wife. In one case the wife survived, and her daughter, with her husband, petitioned for partition, and the petition was dismissed. In the other case, the husband had conveyed the whole estate, and afterwards dying, living the wife, she recovered the whole (2).
Upon a reasonable construction of the statute, supported by former decisions, we are of opinion that the husband, Thomas Hearsey, took the whole estate by survivorship, and that the petitioners have no right under his wife Mary (a).

Petitioners nonsuit.

 Co Lit. 187, 188. — Doe ex dem. Freestone vs. Parrot, 5 D. & E. 652.

 Dutch vs. Manning, Essex, 1797.

 Fox vs. Fletcher, 8 Mass. 274. — Varnum, 12 Mass. 474. — Draper vs. Jackson & Wife, 16 Mass. 480.