## ALEXANDER GREENLAW, *by Guardian*, *vs.* RUTH GREENLAW.

Where a mortgage is made to husband and wife, for a consideration moving from him, conditioned to support them and the survivor of them during life; the husband may maintain a writ of entry on the mortgage in his own name without joining the wife.

The demandant, in a writ of entry, may offer in support of his action two independant, and even inconsistent, titles to the premises demanded.

Thus, where the demandant shews title in himself, and the tenant then produces against him a deed from him to the grantor of the tenant; the demandant is at liberty to offer evidence to show, that the deed from him was void in law, and at the same time rely on a mortgage made to him by the tenant, claiming title from him under the deed alleged to be void.

THIS case came before the Court on exceptions from the Common Pleas.

This was a writ of *entry*, wherein the demandant counted on his own seisin, and the general issue was pleaded and joined.

The demandant read a deed from one *Cox* to him, and there rested. The tenant then read a deed from the demandant to *Thomas C. Greenlaw,* a son, dated *March* 27, 1822, and a deed from *Thomas C. Greenlaw* to *Ebenezer Greenlaw,* another son now deceased, and late husband of the tenant, dated *Dec.* 12, 1827. The demandant, by his guardian, then endeavoured to avoid these deeds by testimony, that he was insane at the time he executed said deed ; and the defendant introduced witnesses to repel such testimony. The plaintiff then introduced a deed of mortgage from said *Ebenezer Greenlaw* to him and his wife *Lydia,* given at the same time of the deed from *Thomas* to *Ebenezer,* conditioned to support and maintain the demandant and his wife during their lives, and by the terms of which the said *Ebenezer* was to remain in possession, until a breach of the condition of the mortgage. This mortgage was substituted for one of the same tenor given by *Thomas* to his father, when he received the deed from him. The counsel for the tenant then objected, and contended, that as the demandant had attempted to prove, and still insisted on a verdict in his favor on that ground, that the deed from him to *Thomas* was void; that he could not, while insisting on that ground, set up a title under the mortgage and shew a breach of the condition. *Smith J.* before whom the trial was had, overruled the objection, and ruled that the demandant might give evidence of both grounds, and recover upon either.

The tenant then contended, that the husband and wife, by the mortgage took, as joint tenants, and both being alive, that this action could not be sustained on the mortgage without joining the wife. But the Judge ruled, that the demandant might recover on the mortgage, if there was a breach of it, without joining the wife. The jury returned a verdict for the demandant ; and the tenant filed exceptions to the instructions and rulings of the Judge.

*F. Allen,* for the tenant, in his argument supported the following points.

1. The grounds taken by the demandant were repugnant; *viz.* that his deed was void by reason of insanity, and that it was valid and passed the land, and that it was reconveyed by the mortgage.

2. The deed of mortgage to the demandant and his wife made them joint tenants of the estate under it ; notwithstanding the

*Mass. stat.* of *March* 9, 1786. They are in that respect to be considered, as one person. *Shaw* v. *Hearsey*, 8 *Mass. R.* 5 *Mass. R.* 521 ; *Fox* v. *Fletcher*, 8 *Mass R.* 274 ; *Varnum* v. *Abbott*, 12 *Mass. R.* 474; *Draper* v. *Jackson*, 16 *Mass. R.* 480.

Our *stat.* of 1826, *ch.* 347, *sec.* 7, it is true, provides, that joint tenants may join, or sever, but that cannot apply to this case, because here the wife can bring no action separate from her husband.

3. By permitting the demandant to recover the estate in an action in his own favor, he thereby defeats the estate of his wife. In case of his death the estate would go to his heirs, and she would lose the whole. So if the conditional judgment be rendered for a sum for the damages for not supporting both, and he should die, the amount would go to his administrator, and she would get nothing.

4. Should she survive, she could bring no action for her support on the mortgage, for this judgment would be a bar.

5. The general rule is, that if the husband sues for land in which his wife has an interest, she must join. 5 *Dane's Ab.* 646.

*Foote* and *Bulfinch*, for the demandant.

This action is a writ of entry declaring generally for the land. When the title is under a mortgage, it is not necessary to set out or mention the condition in the declaration, and if the tenant wishes the judgment to be conditional, he must set forth the condition in his plea. As in this case, the general issue only is pleaded, the judgment was rightly for the land, and the action could be maintained on his original title, or on the mortgage back. *Green* v. *Kemp*, 13 *Mass. R.* 515.

By the *stat. ch.* 347, *sec.* 7, joint tenants may join or sever in a writ of entry. This statute changes the common law.

The husband during his life is entitled to the possession of the whole, and during the coverture the wife cannot have the possession. But if the verdict is for too much, the demandant may release a moiety. During the coverture the husband and wife are but one person in law, and after the death of either, in a case like this, the survivor takes the whole. The demandant therefore can recover in the same count either on his original title, or by virtue of the mortgage. *Draper* v. *Jackson*, 16 *Mass. R.*

480. *Jackson on Real Actions*, 69. In this case, however, the husband and wife ought not to be considered, like strangers when joint tenants. Husband and wife take by entireties, and not by moieties. 2 *Kent's Com.* 111.

The opinion of the Court, after a continuance, *nisi*, was drawn up by

Weston C. J.—The demandant in his opening had shewn title, by introducing a deed to himself of the demanded premises from *Israel Cox.* The tenant then adduced in evidence a deed, subsequently made by the demandant, of the same premises to *Thomas C. Greenlaw,* under whom the husband of the tenant claimed. An attempt was made to show that deed inoperative. Its validity and effect was open to inquiry; and it was competent for the demandant to show, if he could, that nothing passed by that instrument. It was repelling proof, to which he had a right to resort. If he failed upon this ground, there was nothing to prevent his availing himself of any condition in that deed, or of any defeasance executed at the same time, or of any reconveyance made to him, either absolute or conditional. An unsuccessful attempt to defeat a deed, to which he was a party, did not subject him to a forfeiture or waiver of any interest, to which he was legally entitled in the land in controversy. We are aware of no principle of law, which forbids his submitting both grounds at the same time to the jury; that if the first failed him, he might have the benefit of the second. And we are of opinion that the Court below rightfully permitted this course.

The mortgage deed, executed by the husband of the tenant, was substituted for one having the same conditions, previously executed by *Thomas C. Greenlaw;* and that was in consideration of the conveyance of the same land to him, which was previously the demandant's sole property. Both mortgages secured a benefit to his wife. Her interest, being purchased with his property, might have been defeated by his creditors. The principal contract, collaterally secured by the mortgage, was to support the demandant and his wife for their lives, and the life of the survivor. This contract procured by the husband, and for a consideration moving from him, he might release or discharge.

Vol. i.      24

In *Draper* v. *Jackson et ux.* 16 *Mass.* 480, cited in the argument, *Jackson J.* by whom the opinion of the court was delivered, reviews the authorities, and goes into an elaborate consideration of the rights of the wife, upon securities, which the husband procures to be given jointly to her and himself, by which he is to be understood as intending to secure a benefit to her. " It is true," he says, " that the husband may afterwards change his mind, and may release the demand, or take a new security for it, or bring the action in his own name ; and if he recovers the money, he will retain it to his own use." These remarks may be considered as referring to personal demands, but their release or discharge would also defeat any mortgage of real estate, by which they might be collaterally secured.

The husband may sue in his own name a bond given to the wife alone, during coverture; and it is held that he may do so, upon a bond given to her alone before marriage. 2 *Kent*, 120, and the cases there cited. If a bond given to the wife after marriage, is secured by a mortgage also given to her, he may bring an action on the bond in his own name, and why may he not also on the mortgage, with proper averments, showing his rights and the legal effect of the security ? The money due on the bond is his, and if the land mortgaged is taken to enforce payment, or as payment, if not redeemed, there seems no good reason, why that also might not be claimed and held in the name of the husband.

It is a doctrine, well established by the authorities cited for the tenant, that when real estate is conveyed to husband and wife, they become joint tenants, and of a peculiar character; for they do not take by moieties, but by entireties, the husband and wife being regarded by law as one person. Hence if an estate be conveyed expressly in joint tenancy to husband and wife and to a stranger, the latter shall take one moiety, and the husband and wife, as one person, shall take the other moiety. *Shaw et al.* v. *Hearsey et al.* 5 *Mass. R.* 521. If then there could be any question, whether the husband could bring an action in his own name, upon a mortgage given to secure a support for the wife, which enures to the benefit of the husband, who is otherwise bound for her support, if such mortgage is given to husband and wife, we are of opinion, that he thereby acquires such a seisin,

as will enable him to maintain an action in his own name. The husband is most interested in the maintenance of the wife ; and to him the duty may safely be confided. He conveyed his land to another, and took a reconveyance to himself and her, which the grantor was to hold however, if he furnished suitable maintenance for them both. Failing to do so, the husband has a right to take the land, which he had appropriated for this purpose, and which was the source from which the support was to come, into his own hands, that he may be enabled thereby to provide for himself and her.

*Exceptions overruled.*