JOHN A. LOWELL *et al.* Executors, &c., Appellants.

Where property was given by a testator to a trustee for the purpose of maintain-
ing public lectures, to be delivered in Boston, for the promotion of the moral, intel-
lectual and physical instruction and education of the inhabitants of such city, with-
out limitation as to time, and the testator provided for a perpetuation of the trust
and for a perpetual succession of trustees, and prescribed a mode in which the ac-
counts of the trust should be kept and audited, and without reference to the pro-
visions of the probate laws, and appointed a perpetual board of visitors of such
trust, it was *held*, that this was not a gift in trust for any person or persons, within
the meaning of Revised Stat. *c.* 69, § 1, it being for a purpose of general charity,
and that the trustee was not obliged to give bond pursuant to such statute, before
entering upon the execution of the trusts.

*It seems*, that under the provision in Revised Stat. *c.* 69, § 1, 2, exempting a person
appointed a trustee for minors or others, under a will, from giving a bond for the
faithful performance of the trust, when the testator shall have ordered or requested
that no bond shall be taken, it is not necessary that the order or request should be
made in express terms ; it is sufficient if it may be fairly inferred from the will,
that the testator intended that a bond should not be taken.

THIS was an appeal from a decree of the judge of probate
disallowing certain payments made by the appellants, as ex-
ecutors of the will of John Lowell junior, to John A. Low-
ell, a trustee under the will, on the ground, that he was not
duly authorized to receive the same, inasmuch as he had not
given bond to the judge of probate, for the faithful discharge
of his duties as such trustee.

It appeared, that the testator, in his will, dated on the 8th
of November, 1832, after making various devises and bequests,
gave the residue of his estate to John A. Lowell, or in the
event of his dying before the testator, to Francis C. Lowell,
upon the following trusts, to wit, to invest the personal proper-
ty and to collect the income accruing therefrom and from the
real estate, and after deducting therefrom the expenses of exe-
cuting the trusts and a suitable compensation for his services
and also a certain amount for the preservation and increase of
the trust fund, then to appropriate the residue of the income to
the maintenance of public lectures to be delivered in the city
of Boston, " upon philosophy, natural history and the arts and
sciences, or any of them as the said trustee or his successors in
the trust shall from time to time think expedient, for the promotion
of the moral, intellectual and physical instruction and education

Lowell,
Appellant,
&c.

of the inhabitants of the said city ; giving to the trustee or trustees for the time being, full power and authority to prescribe such terms and rules of admission to the said lectures, as they may think expedient for the public good ; the said trustee and trustees being in all respects governed by any directions," which the testator might leave in writing.

The will also contained the following provisions. " And I hereby constitute and appoint the trustees of the Boston Athenæum for the time being, to be visitors of said trust fund, with power to require accounts of the administration thereof, and to compel the appropriation thereof to the uses aforesaid, but without any power or authority to prescribe or direct by whom the said lectures shall be given, nor the subjects thereof ; considering it best to leave that high personal responsibility upon the trustee or trustees of the fund for the time being. And in case of the death of the said trustee, or of his successors in said trust, without appointing a successor, my will is, that the said trustees of the Boston Athenæum for the time being shall appoint one or two suitable person or persons to be trustee or trustees in the place or stead of him or them so dying, which new trustee or trustees so to be appointed, shall have the same powers touching the trust premises, and in the execution of the trusts herein declared, as the said John A. or Francis C. would have had by virtue hereof, if living and acting as such trustee ; provided however, that said trustee and his successors in said trust shall each have power to appoint his successor or successors in it ; and it is my wish that they should exercise such power in their last will or otherwise."

On April 1, 1835, the testator executed a codicil to his will, which, after prescribing more particularly the subjects of the lectures, and the mode of appointment and the duties of the lecturers, proceeded as follows. " Each trustee shall appoint his own successor within a week after his accession to his office, in order that no failure of a regular nomination may take place. This appointment of his successor shall be made by means of a sealed instrument to be delivered to the Trustees of the Boston Athenæum, and which they shall open after the decease of the trustee who delivered it to them. The trustee may at any time and as often as he sees fit, revoke his former

appointment, and take back the aforesaid instrument, substitut-
ing another in its place.   He may also nominate his successor
in his will, if he please so to do ; and in case of a difference
in the person nominated in the will and him who is nominated
in the abovementioned instrument, the individual last nominated
in point of time, shall be his successor.   In selecting a suc-
cessor, the trustee shall always choose, in preference to all
others, some male descendant of my grandfather, John Low-
ell, provided there be one who is competent to hold the office
of trustee, and of the name of Lowell.   The compensation of
the trustee shall be such reasonable sum, to be paid annually out
of the income of the trust fund, as shall be approved of by the
Trustees of the Boston Athenæum for the time being.   He
shall keep an account of his management of the trust fund,
conformably to the provisions of my will, and of the sums ex-
pended by him for the promotion of the objects of the trust.
He shall also keep a record of all his proceedings touching the
appointment of lecturers and other objects connected with the
trusts ; a copy of this account and of this record for the past
year, shall, on the first day of January, be annually presented
by him to the Trustees of the Boston Athenæum, who shall
have authority to publish the same if .they see fit."

C. P. Curtis and B. R. Curtis, for the appellants, to the
point, that the judge of probate could not lawfully require the
trustee to give bond for the faithful discharge of his duties, it
appearing to be the intent of the testator, gathered from the
whole will, that such bond should be dispensed with, cited Re-
vised Stat. c. 69, § 1, 2 ; 2 Powell on Dev. (Jarman's ed.)
5 ; Richardson v. Noyes, 2 Mass. R. 56 ; Doe v. Bell, 8 T.
R. 582 ; Ram on Wills, 1, 42, 45 ; Annable v. Patch, 3
Pick. 360 ; Going v. Emery, 16 Pick. 107 ; Revised Stat.
c. 62, § 5, and c. 59, § 9 ; Terry v. Foster, 1 Mass. R. 146 ;
Church v. Crocker, 3 Mass. R. 17 ; Wilder v. Goss, 14
Mass. R. 357 ; to the point, that as the trust was the mere
creature of the testator, he had full power to determine who
should exercise visitatorial powers over it, Green v. Ruth-
erforth, 1 Ves. sen. 472 ; King v. Bishop of Worcester, 4
Maule & Selw. 415 ; Allen v. M'Keen, 1 Sumner, 301 ; and
to the point, that the testator having vested the visitatorial pow-

*Margin note:* Lowell, Appellant, &c.

*Margin note:* June 11th.

Lowell,
Appellant,
&c.
er in the Trustees of the Boston Athenæum, their jurisdiction was, from its nature and design, exclusive of that of the Court of Probate, *St.* 43 *Eliz. c.* 4 ; *Attorney-General* v. *Price,* 3 Atk. 108 ; 2 Story on Eq. § 1163 ; *Philips* v. *Bury,* 1 Lord Raym. 5 ; *S. C.* 2 T. R. 346 ; *Murdock, Appellant,* 7 Pick. 321.

*Austin,* (Attorney-General,) *contrà.*

*June 24th.*    SHAW C. J. delivered the opinion of the Court.* The first, and by far the most important question in the present case is, whether the trustee appointed under the will of John Lowell, deceased, was bound to give bond, pursuant to the statute, before entering upon the execution of that trust.

This is a bequest for purposes strictly of charity. The testator has given very particular directions, providing for a perpetual succession of trustees, the duration of the charity is without limits as to time, the testator has appointed a permanent and perpetual board of visitors, and directed the mode in which all the accounts shall be rendered and audited.

The question whether such a testamentary trustee is required to give bonds, depends upon the provisions of the statute.

The Revised Statutes, *c.* 69, § 1, provide, that every person, who shall be appointed a trustee, for minors or others, under any last will, excepting, &c. shall, before entering on the duties of his trust, give bond, &c., and the conditions are specially described ; 1. To make an inventory ; 2. To dispose of, &c. and manage faithfully ; 3. To render an account within one year ; and 4. At the expiration of the trust, to settle his accounts with the judge of probate and pay over, &c

The statute looks obviously to trusts created for particular persons, named or designated as beneficiaries or objects of the testator's bounty, and to the termination of the trust, after the accomplishment of the purposes for which it was created. Various motives may be assigned for creating such trusts. The beneficiaries may be *feme-coverts,* infants, or persons under other disabilities, or even unborn children. But another common case is, where the beneficiaries are deeply in debt, and the object is to provide a fund for the support of themselves

---

* *Putnam* J. did not sit in the cause.

Lowell,
Appellant,
&c.

and families, when the property will not be liable to attachment. The statute provides, that if the persons interested as beneficiaries, are of full age and legal capacity, the trustee, at their request, shall be exempted from giving bond.

But the question still is, whether the words, " other persons," do not extend this requisition to give bond, to all testamentary trusts. Some light may be thrown upon the subject, by recurring to the earlier statutes. The provision of law, requiring trustees under wills to give bond, is comparatively of recent origin, and has been regarded as of somewhat doubtful policy, inasmuch as it may often deter men the most suitable for such an office, from accepting it.

In the Revised Statutes it is apparent, that the commissioners and the legislature had no intention to alter this branch of the law, but only, as in all other parts of that code, to express its provisions in more concise language. We may therefore safely resort to the statutes, of which this is the revision, for an exposition of it.

The next preceding statute, was *St.* 1817, *c.* 190, § 37, which enacts, that all persons who may be constituted trustees of any estate, real, personal or mixed, belonging to minors or other persons, to whom such estate has been devised in trust for such minors or other persons, &c.

Here the legislature manifestly contemplate a case in which the trust estate *belongs* to persons, named or definitely described, that is, persons who have a beneficial interest in it, the case supposing that the legal interest is in the trustee.

This can hardly apply to property given to a trustee by will, not for the benefit of any person named or designated, either now in being or to come into being, but for a public and perpetual charity, where nobody but the trustee can be said to have any interest in the property, legal or equitable. This is not inconsistent with the supposition, that the public may have a deep interest in the object and purpose, for which the property is thus given.

The other parts of both statutes confirm this idea, that the trust has rights and interests of some person in view. The trustee is to pay over all balances and sums of money, and give possession of the estate belonging to such minors or others,

with which he has been intrusted.  So by the 43d section of *St.* 1817, *c.* 190, the bond is to be put in suit, for the benefit of either of the minors or other persons, interested in the estate so given in trust.

But this statute was the revision of that of 1810, *c.* 86, with which this whole system commenced.  It provides, that all persons, other than bodies politic, who shall be constituted trustees of any estate &c. belonging to minors or other persons, to whom such estate has been devised in trust for such minors or other persons, by last will &c., shall give bond.  The other provisions are nearly the same, except that there is no provision exempting the trustee from giving bond, where all the persons interested in such property shall request it, or where the testator has so directed.  These exemptions were introduced in the first revision, by the statute of 1817, it having been found, in many cases, to be attended with inconvenient conse quences.

The idea is maintained throughout both of these statutes, that the trust property is such as may belong to persons contemplated as the objects of the testator's bounty, and the bonds are to be prosecuted for their benefit.  This is also kept up in the Revised Statutes, § 13.  The bond, as provided for, may be put in suit by order of the judge, for the use and benefit of any person interested in the trust estate.

There may be cases so situated as to render it difficult to decide, whether they were within this principle or not.  But the Court are of opinion, that where the property is given to trustees for a purpose of general charity, which that of a gift for the promotion of education and the advancement of science clearly is, and as the gifts in question plainly are, where the testator has provided for a perpetuation of the trusts and for a perpetual succession of trustees, without reference to the provisions of the probate law, and where he has also appointed perpetual visitors of his charity, the gift is not a gift in trust for any person or persons, within the true intent and meaning of this statute, and in such case the trustee is not by law required to give bond before entering upon the duties of the trust.

The Court are also inclined to the opinion, that, under the other provision of the statute, the trustee in the present case

would be exempted from the duty of giving bond as required by the statute.  He is to be so exempted, when the testator, in the will appointing him, shall have ordered or requested that such bond shall not be taken.  This exemption, engrafted on the first statute provision on the subject, is manifestly founded on the great principle of the *jus disponendi*, on which the whole right and power of disposing of property by will, is founded.  He who may dispose of the property absolutely, may qualify such disposition, as he pleases.  Then the great rule of construction manifestly applies to it, that the intent of the testator, as found by taking into consideration the whole will, is to govern.  If he has made dispositions, inconsistent with the supposition that a bond with special conditions mentioned in the statute, was to be taken, it may be fairly inferred that it was not his intention, that such bond should be taken ; and such an intent, however expressed, in a will where the testator had power to dispose, may be well construed to be a request, or direction, within the meaning of the statute.  For this purpose, the rule is, to look to every part of the will, to ascertain the intent, and to carry that intent into execution, if not repugnant to rules of law.  No form of words is necessary, to express an intent or constitute a direction.  Therefore if it can be gathered from the whole will, it is a sufficient expression of request.  An intention expressed in words, that a thing shall be done or omitted, is equivalent to a request.

A conveyance to husband and wife, notwithstanding the provisions of the *St.* 1785, *c.* 62, § 4, is held to constitute a joint tenancy, and not a tenancy in common, because not within the provision of the statute, and so not within the intent of the conveyance.  *Shaw* v. *Hearsey*, 5 Mass. R. 521.

The statute above cited provides, that a conveyance to two or more persons, shall be deemed to give estates in common, and not in joint tenancy, unless it shall be expressed to be to them " jointly," or as " joint tenants," or to the survivor, or un-,ess other words be used therein, clearly and manifestly showing it to be the intention of the parties, that such estates should vest as joint estates, and not as estates in common.  Under this statute it is held, that a mortgage to two or more persons, being partners, to secure a partnership debt, though no words of joint

Lowell,
Appellant,
&c.

tenancy be used, shall be taken to convey a joint estate, because the Court will presume this to have been the intent, inasmuch as that construction will best comport with the general intent and object of the conveyance, which was to secure a joint debt, which would vest in the survivor on the decease of one or more. *Appleton* v. *Boyd*, 7 Mass. R. 134 ; *Goodwin* v. *Richardson*, 11 Mass. R. 472. These cases establish the principle, that if the intention is manifested, the form· of words is not material, and that the court will infer the intent, from all the provisions and from the general purposes of the instrument.

In this will and the trusts constituted by it, there are many provisions inconsistent with the supposition on the part of the testator, that his trustee was to be a testamentary trustee, to give bond conditioned to file an inventory in the Probate Court, to account annually with the judge of probate, and to surrender and pay over at the expiration of the trust. An entirely different mode of securing the fidelity and responsibility of the trustee, throughout and in perpetuity, is provided by the will, in constituting a perpetual board of visitors, in providing for perpetuating the succession of trustees without reference to the judge of probate, and providing for the time and manner of rendering accounts. From the general nature and purposes of this trust, and from the detailed provisions respecting its continuance and execution, the Court are of opinion, that it was not the intention of the testator, that the trustees named by him, and to be appointed in succession in the manner directed by him, should give the bond required by the statute.

The decree of the judge of probate, disallowing in the executors' account, the sum of $ 244,700, as paid over to John A. Lowell as trustee, is reversed, and it is ordered and decreed, that that sum, as so paid by the executors, be allowed to their credit in their account of executorship, and the proceedings are hereby remitted to the Probate Court.