## MARTHA E. WALES vs. NATHANIEL W. COFFIN.

If land is conveyed to a husband and wife jointly, and she joins in a conveyance thereof by him, in token of her release of dower "and of her free consent thereto," without being named in the granting part of the deed, this will not defeat her estate in the land if she survives her husband, or preclude her from asserting her title thereto after his death.

WRIT OF ENTRY to recover a parcel of land in Dorchester. Plea, *nul disseisin*, with a specification denying the demandant's title, and claiming title in the tenant; and claiming also an allowance for improvements. In the superior court, judgment was rendered for the demandant, upon agreed facts, which are sufficiently stated in the opinion; and the tenant appealed to this court.

*W. Colburn*, for the tenant. The conveyance, upon which the demandant's title rests, to the demandant and her husband, in the lifetime of the latter, although, undei Rev. Sts. *c.* 59, *c.* 11, it must probably be construed as passing to them an estate in joint tenancy, did not make them tenants in entirety. The modern policy of the law is to abolish all estates in joint tenancy, except where it is obviously policy to retain such estates. There is more reason for abolishing tenancy in entirety, than simple joint tenancy; and the Rev. Sts. *c.* 59, § 11, seem to hold the estate of husband and wife as a simple joint tenancy. The doctrine of tenancy in entirety is technical and fanciful. See *Whittlesey* v. *Fuller*, 11 Conn. 337; *Sergeant* v. *Steinberger*, 2 Ohio, 305; *Wilson* v. *Fleming*, 13 Ohio, 68; *Green* v. *King*, 2 W. Bl. 1211; 2 Story on Eq. § 1368; Cruise Dig. (Greenl. ed.) tit. xviii. *c.* 1, §§ 45, 50. If the husband and wife were simply joint tenants, the conveyance by the husband severed the tenancy. Cruise Dig. tit. xviii. *c.* 2, §§ 8, 10. *Shaw* v. *Hearsey*, 5 Mass. 521. The deed of one of two joint tenants, the other joining only in the attestation clause, passes the whole estate. *Lithgow* v. *Kavenagh*, 9 Mass. 161, 171. Even if they were tenants in entirety, the husband could convey with his wife's assent. 2 Bl. Com. 182. It would not be necessary for her to

join in the granting part of the deed. *Lithgow* v. *Kavenagh*, above cited. The entire fee is, in such case, in each tenant. And her signing the deed to Manley, in token of her free consent thereto, must be construed to have had some purpose; and that could only be, to release all her right in the premises. *Hills* v. *Bearse*, 9 Allen, 403. After joining in so many deeds, she is estopped to claim the estate. See 1 Greenl. Ev. §§ 22–25. 1 Story on Eq. § 385.

*C. P. Hinds*, for the demandant.

WELLS, J. The land in suit has been the subject of a great number and variety of instruments of conveyance. Omitting such as are not essential to the presentation of the questions of law involved in the case, there remain,

1. In 1837, a conveyance to Amasa Wales and his wife, who is the demandant in this case, her husband having deceased.

2. In 1838, a mortgage by Amasa Wales for $1500, in which his wife joins only for release of dower.

3. In 1839, a conveyance by Amasa Wales, by quitclaim deed, without the signature of his wife.

4. In 1842, the purchaser of both these interests conveyed by warranty deed to Thomas Noble. Amasa Wales and his wife both executed and acknowledged this deed with the grantor, under the following attesting clause : " In witness whereof I, the said Ann Wales, together with Amasa Wales and his wife, Martha E. Wales, of said Dorchester, who hereby release all right and possibility of dower of the said Martha in the said premises, have hereunto set our hands and seals."

5. In 1845, whatever title Noble thus acquired came back, by an administrator's deed, to Amasa Wales.

6. The same year, Amasa Wales made a mortgage for $2500 to one Manley, in the execution of which his wife joins, " in token of her relinquishment of all right of dower in the premises, and of her free consent thereto."

7. In 1846, Amasa Wales conveyed by warranty deed, with release of dower by his wife in the usual form, to one Cheever subject to the above mortgage as part of the consideration, and also another mortgage, which raises no question different from those raised by the other deeds.

8. In 1850, Manley assigned his mortgage to Cheever.

9. In 1851, Cheever conveyed with full warranty.

10. In 1854, May 1st, Coffin, the defendant, acquired Cheever's title.

11. In 1854, May 24th, Cheever discharged " all his interest in " the Manley mortgage, " in consideration of payment by N. W. Coffin."

By common law, a deed or devise to husband and wife creates one indivisible estate in them both and the survivor of them ; not because of their supposed incapacity to hold in moieties, but because, such being presumed to be the intention of the parties, the law holds the estate to be limited accordingly As a result of this quality of their tenure, the husband cannot destroy the joint tenancy, nor make any conveyance which shall defeat the title of the wife, in case she survives him. *Shaw* v. *Hearsey*, 5 Mass. 521. The entire estate vests in each, and no conveyance can be made which will be good against the wife, unless made in such form as would pass her title in lands which are vested in herself alone.

It is urged that this doctrine is not in accordance with the modern policy of the law, and should be made to give way to judicial construction. But the statute which declares tenancy in common to be the presumed form of tenure by two or more persons expressly saves the common law tenure of husband and wife from that construction. It is not therefore a matter of mere precedent and judicial construction, but the statute has added its sanction to the doctrine of the common law, as declared by the courts. Rev. Sts. *c.* 59, §§ 10, 11.

The several conveyances by Amasa Wales, therefore, did not of themselves operate to sever the joint tenancy, nor to deprive his wife of her rights, as survivor, to the whole estate.

We must next consider the effect of her joining in the execution of several of the deeds. In the 2d, 4th and 7th deeds, as above recited, she declares her purpose, in joining, to be to release dower. Her signature, seal and acknowledgment, without any words in the deed declaring or restricting the purpose, are held to be inoperative for any purpose. *Melvin* v. *Proprietors of*

*Locks and Canals,* 16 Pick. 137. *Greenough* v. *Turner,* 11 Gray, 332. The fact therefore that, as a release of dower, it was entirely nugatory, inasmuch as she could have no dower in such an estate, does not require that it should be construed to have an effect beyond what is declared. From all the transactions it is to be inferred that the husband supposed the entire estate was in him so that he could convey the whole; and the various attempts to release dower of the wife are explained by this supposition. In *Hills* v. *Bearse,* 9 Allen, 403, there was no such ground of explanation for the signature of the husband; and besides, in that case the "assent" only of the husband was necessary to be attested by his signature, in order to give validity to the wife's deed of her separate estate. This brings us to the sixth in order of the conveyances, being the mortgage from Amasa Wales to Manley, in which his wife joined in token of release of dower, "and of her free consent thereto." Can this operate in any way to convey or defeat the estate of the wife in the lands? The Rev. Sts. *c.* 59, § 2, provided that the real estate of the wife might be conveyed by the joint deed of the husband and wife. This statute was merely declaratory of the law as it had previously been held by the courts. And it has been held since this statute, as it was before, that both husband and wife must appear to be "parties to the efficient and operative parts of the instrument of conveyance." Her signature "in token of her relinquishment of all her right in the bargained premises," will not convey her title in fee nor bar her from recovering the land. *Bruce* v. *Wood,* 1 Met. 542.

Will the fact that she has joined in so many deeds and mortgages, in which her husband asserted his sole ownership, estop her from claiming the estate as her own? If there is no estoppel in one deed, it is difficult to see how it can be made up from two or more. No stronger case for the application of the principle of estoppel by "act *in pais*" of a married woman could be made out than existed in *Lowell* v. *Daniels,* 2 Gray, 161. But in that case the court adhered firmly to the doctrine that a married woman could be devested of her estate only by such a conveyance as the statute authorized.

We come therefore to the conclusion that the plaintiff, by the terms and effect of the deed to herself and her husband in 1837, became, upon his decease, the sole owner of the land ; that she has not been devested of that estate by any conveyance, release or estoppel, which is valid and binding in law upon her; and that consequently she is entitled to recover the land in this action.

According to the agreement of parties, the case must stand for the adjustment of all questions as to mesne profits since the death of Amasa Wales, value of the improvements, and of the land without the improvements, and such further proceedings as may result therefrom.