CARRIE W. HOAG *vs.* CHARLES E. HOAG.

Hampden.    September 23, 1912. — October 16, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Joint Tenants and Tenants in Common.    Tenants by Entirety.    Husband and Wife.    Deed,* Construction.    *Partition.*

Under a deed of real estate to a husband and wife, described as such, made after St. 1885, c. 237, by the habendum clause of which the grantees are to hold the property "as joint tenants in joint tenancy, and to the survivor of them and their and such survivors heirs and assigns, to their own use and behoof forever," the grantees take not as simple joint tenants but as tenants by entirety.

The interest of a husband and wife in real estate held by them as tenants by entirety cannot be severed, and a petition for the partition of such property will not lie.

PETITION for partition, filed in the Superior Court on December 18, 1911, praying for an order of sale of the real estate in question under the provisions of R. L. c. 184, § 47.

The respondent filed an answer in abatement, and also a general answer not waiving the answer in abatement, alleging in both that the petitioner and the respondent were husband and wife, annexing a copy of the deed of the real estate in question to the petitioner and the respondent, described therein as husband and wife, dated November 27, 1893, containing the habendum clause which is quoted in the opinion, and alleging that the petitioner and the respondent held the premises as tenants by entirety and that the premises could not be divided by partition.

The case was heard by *Pierce,* J., upon the pleadings and the deed, of which a copy was annexed. He ruled that the petitioner

and the respondent held an estate by entirety in the premises described in the petition and that for that reason partition did not lie. The judge made an order that the petition be dismissed; and the petitioner alleged exceptions.

The case was submitted on briefs.

*H. T. Richardson,* for the petitioner.

*D. E. Webster,* for the respondent.

HAMMOND, J. The only question is whether under the deed from McKnight and Churchill the grantees, being then husband and wife, took an estate by entirety. If they did, then the petition should be dismissed; otherwise, there should be partition.

At common law, "if an estate be given to a plurality of persons, without adding any restrictive, exclusive, or explanatory words, as if an estate be granted to A and B and their heirs, this makes them immediately joint tenants in fee of the lands." 2 Bl. Com. 180. But where in a deed to two or more persons there was express language indicating that joint tenancy was not intended, then there was a tenancy in common. 2 Bl. Com. 193.

St. 1783, c. 52, being the first upon the subject, after reciting that "the principle of survivorship established by the rules of the common law, in cases where lands or other real estate are, or may be held in joint tenancy, has been found by experience to work great injustice in various instances," and that "the reasons upon which the said principle was originally founded, have long ceased to exist," declared (§ 4) that "the said principle of survivorship shall no longer be in force in this Commonwealth." But this act seems to have been subsequently regarded as a little too drastic, and it was repealed by St. 1785, c. 62, which restored the existence of joint tenancy, but provided in substance (§ 4) that all conveyances and devises of lands made to two or more persons shall be construed to create estates in common unless it be expressed therein that the grantees shall take a joint estate. And thus the law so far as now material continued until St. 1885, c. 237, hereinafter to be considered. Rev. Sts. c. 59, §§ 10, 11. Gen. Sts. c. 89, §§ 13, 14. Pub. Sts. c. 126, §§ 5, 6. It was early adjudged that the statute of 1785 did not include grants and devises to husband and wife; *Shaw* v. *Hearsey,* 5 Mass. 521; nor, before foreclosure, mortgages given to secure a joint debt. *Appleton* v. *Boyd,* 7 Mass. 131.

By St. 1885, § 237, however, an amendment was made to Pub. Sts. c. 126, §§ 5, 6, by inserting in § 5 and by striking out in § 6 the words "or to husband and wife," so that these sections should read respectively as follows: (§ 5) "Conveyances and devises of lands made to two or more persons, or to husband and wife, shall be construed to create estates in common and not in joint tenancy, unless it is expressed in such conveyance or devise that the grantees or devisees shall take the lands jointly, or as joint tenants, or in joint tenancy, or to them and the survivor of them." (§ 6) "The preceding section shall not apply to mortgages, nor to devises or conveyances made in trust, nor to a devise or conveyance in which it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy." The legal effect of the amendment was to include in the terms "conveyances" and "devises" those made to husband and wife. The law as thus amended has ever since continued. R. L. c. 134, § 6.

The deed under consideration was made in 1893, and therefore must be construed in the light of that statute so far as applicable. Did the grantees, being husband and wife, take an estate by entirety?

. From the history of the legislation upon this subject, starting with St. 1785, c. 62, and ending in St. 1885, c. 237, it plainly appears that it was not the intention to abolish tenancy in common or joint tenancy, or tenancy by entirety, nor in any way to change the common law characteristics of either. Each remained as before, as a lawful mode of holding real estate. The simple purpose was to change the rules of construction of the language used in conveyances and devises of real estate. And the change was to be in the presumption arising out of such language. Whereas at common law the presumption (in the absence of an expression of a contrary intent) was that a joint tenancy was created, under the statute the presumption (in the absence of an expression of a contrary intent) was that a tenancy in common was created. In the law as to presumption, tenancy in common was substituted for joint tenancy. The distinction was made between a tenancy in common and a joint tenancy, and not between the usual form of joint tenancy existing between two or more persons and that form existing between husband and wife.

In the deed in question the grantees are described as husband·

and wife. The grantors must be taken therefore to have known that this relation existed. They were making a deed to husband and wife and they knew it. The habendum is to the grantees "as joint tenants in joint tenancy, and to the survivor of them and their and such survivors heirs and assigns, to their own use and behoof forever." The language is almost exactly like that set forth in St. 1885, c. 237, and it plainly indicates that there is not to be an estate in common. Under the statute therefore no estate in common is created. The statute goes no further. It has performed its function. In going further and determining what kind of estate the grantees took, we can get no help from it, but must be guided by the common law principles of construction applicable to such matters. There can be no doubt that the language used in the habendum is such as would create a joint tenancy as between grantees other than husband and wife.

There is a conflict of authority as to whether husband and wife can hold lands granted to them jointly during coverture in simple joint tenancy as distinguished from an estate by entirety, although, partly on account of the disinclination in many of the States of the Union to favor the latter estate and partly on account of the various statutes changing the marital rights of women as respects property, the general weight of authority seems to favor the proposition that it is possible so to word a deed as to create such an estate in them. See for collections of the authorities the note to *Hardenbergh* v. *Hardenbergh*, 18 Amer. Dec. 371, 377, and 15 Am. & Eng. Encyc. of Law, (2d ed.) 846. But however that may be, one of the principal common law rules of construction upon this subject is that the same words of conveyance which would make other grantees joint tenants will make a husband and wife tenants by entirety. *Green* v. *King*, 2 W. Bl. 1211. Such is presumed to be the intention.

While it is sometimes said that an estate by entirety is not a simple joint tenancy (as indeed it is not), still the two very much resemble each other, the only practical difference being the inability of either spouse to sever the joint tenancy. And in this Commonwealth the former estate has been described as a species of the latter. Thus Field, J., in *Pray* v. *Stebbins*, 141 Mass. 219, 221, says: "This tenancy by entireties is essentially a joint tenancy, modified by the common law doctrine that husband and

wife are one person." See also *Pease* v. *Whitman*, 182 Mass. 363, 364; *Hayward* v. *Cain*, 110 Mass. 273, 279; *Wales* v. *Coffin*, 13 Allen, 213, 215. And in *Morris* v. *McCarty*, 158 Mass. 11, where in a deed given in 1886 the habendum was to the grantees "as tenants by the entirety and not as tenants in common," the grantees being supposed to be husband and wife but not such in fact, it was held that the grantees took as joint tenants. In that case the court said (p. 12): "An estate in entirety is an estate in joint tenancy, but with the limitation that during their joint lives neither the husband nor the wife can destroy the right of survivorship without the assent of the other. . . . The doctrine of survivorship is the distinguishing incident of title by joint tenancy."

We are of opinion that in the deed before us the grantees did not take as tenants in common but jointly as husband and wife, and that the nature of the estate taken, therefore, was not simply such a kind of joint estate as would have resulted if the grantees had not been husband and wife, but the kind of joint estate commonly taken by husband and wife; in other words that the grantees took not as simple joint tenants, but as tenants by entirety.

*Petition dismissed.*