MICHALINA BERNATAVICIUS *vs.* RAPHAEL BERNATAVICIUS.

Middlesex.     November 16, 1926. — May 20, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Tenants by the Entirety. Marriage and Divorce. Joint Tenants and Tenants in Common.*

A decree of divorce dissolves a tenancy by the entirety in real estate formerly vested in the husband and wife, and by operation of law creates in them a tenancy in common so that thereafter the former wife may maintain with respect thereto a petition for partition.

PETITION, filed in the Probate Court for the county of Middlesex on December 8, 1924, for partition of certain real estate.

The petition was heard by *Leggat*, J., and was granted. The respondent appealed.

*D. J. Donahue, J. P. Donahue, & P. H. Ready*, for the respondent, submitted a brief.

*F. Goldman*, for the petitioner.

RUGG, C.J.   This is a petition for partition of land conveyed to the parties hereto as tenants by the entirety when they were husband and wife. Subsequently they were divorced by a decree of court, now become absolute, which did not make any disposition of the property of the parties. The question thus presented for decision for the first time in this Commonwealth is, whether a divorce absolute destroys a tenancy by the entirety previously existing in libellant and libellee and operates to change it into a simple joint tenancy or a tenancy in common and thus renders it subject to partition.

The nature of a tenancy by the entirety is thoroughly established by our decisions. It is founded on the common law doctrine of the unity of husband and wife as constituting in law but one person. A conveyance to a husband and wife as tenants by the entirety creates one indivisible estate in them both and in the survivor, which neither can destroy by any separate act. Both husband and wife are seised of such an estate *per tout et non per my* as one person, and not as joint tenants or tenants in common. Alienation by either the husband or the wife will not defeat the right of the survivor to the entire estate on the death of the other. There can be no severance of such estate by the act of either alone without the assent of the other, and no partition during their joint lives, and the survivor becomes seised as sole owner of the whole estate regardless of anything the other may have done. The tenancy by the entirety is essentially a joint tenancy modified by the common law theory of the unity of husband and wife. They do not take by moieties but by entireties. The characteristics of a tenancy by the entirety at common law continue unaffected by the modern statutes designed to ameliorate the rights of married women at common law and to render more flexible and individual the property rights of husband and wife. These principles are amplified and applied to diverse sets of facts in numerous of our decisions. *Shaw* v. *Hearsey*, 5 Mass. 521. *Wales* v. *Coffin*, 13 Allen, 213. *Pierce* v. *Chace*, 108 Mass. 254. *Pray* v. *Stebbins*, 141 Mass. 219. *Pease* v. *Whitman*, 182 Mass. 363. *Boland* v. *McKowen*, 189 Mass. 563. *McLaughlin* v. *Rice*, 185 Mass. 212. *Hoag* v. *Hoag*, 213 Mass. 50. *Palmer* v. *Treasurer & Receiver General*, 222 Mass. 263. *Voight* v. *Voight*, 252 Mass. 582. *Raptes* v. *Pappas*, *ante*, page 37.

The effect of a divorce upon such a tenancy has never been alluded to in our decisions, so far as we are aware. The quality of an estate by the entirety is established by the deed of conveyance upon its delivery and acceptance, or by proof of the will if created by devise. Naturally the quality of that estate continues until it is changed by deed of both parties, or possibly of one party directly or indirectly to the other, or by the death of one of the parties. Tenancy by

the entirety as a legal conception came into existence when divorce was exceedingly rare, if not impracticable. It has been said that in England divorce continued to be within the cognizance of the ecclesiastical courts until the passage of the Matrimonial Causes Act, 20 & 21 Vict. c. 85, which became operative not earlier than January 1, 1858.   9 R. C. L. 243, § 2.   It was stated in *Sparhawk* v. *Sparhawk*, 116 Mass. 315, in a learned opinion by Chief Justice Gray, that jurisdiction over the subject of divorce in this Commonwealth from the time of the Province Charter was reserved to the Governor and Council as the Supreme Court of Probate, and within three years after the adoption of the Constitution was vested by act of the Legislature in the Supreme Judicial Court.   Divorce in this Commonwealth is wholly the creature of statute.   It always has been provided, even until the present, that the procedure in divorce conforms in part, if not entirely, to the course of proceedings in ecclesiastical courts. G. L. c. 208, § 33.   Historically divorce was not a branch of the common law.   So far as concerns our own jurisprudence, divorce has been superimposed by legislation upon the doctrines of the common law touching real estate and the several kinds of estates recognized by it. *Robbins* v. *Robbins*, 140 Mass. 528.·  See, as to early legal notions concerning the nature of divorce, *Barber* v. *Root*, 10 Mass. 260, 265.   It follows that the common law, in the development of estates by the entirety, had no occasion to pay any heed to divorce.   Divorce now having become a part of our system of law, its effect upon estates by the entirety must be considered and determined in the light of historical considerations and the general present state of the law concerning domestic relations and real estate titles.

Divorce is not an act of the parties.   It is an act of the law.   Although the aid of the courts must be invoked by either the husband or the wife, and not by either except during the lives of both, *Rawson* v. *Rawson*, 156 Mass. 578, nevertheless, the severance of the marriage tie by divorce is accomplished by a decree of court and by that alone.   That act of the law creates a new legal status, both for the husband and for the wife.   It divides the common law unity hitherto

existing. It creates two individuals in place of the unity theretofore recognized by the common law as existing. It substitutes for that unity two persons who thereafter are strangers to each other in their legal status. Except as provision is made by decree of court with respect to property and except with reference to their children, the man and woman who previously were husband and wife are to each other as if they had never been married. Divorce establishes a legal situation with respect to the man and woman previously husband and wife which is incompatible with the legal theory of tenancy by the entirety. The foundation and continuance of a tenancy by the entirety are inconsistent with the legal conception of a man and woman no longer in a state of matrimony toward each other. ·When persons who have been tenants by the entirety cease to be husband and wife, the legal factors necessary to that tenancy have gone out of existence. A tenancy by the entirety cannot be created by the most explicit words in a legal instrument, unless the man and woman are in truth husband and wife. *Morris* v. *McCarty,* 158 Mass. 11. It seems to us more in harmony with the principles governing such tenancies to hold that they cannot continue after the tenants have become divorced and thus have ended the legal relation-. ship to each other, which constitutes the essence of that tenancy. The great weight of authority supports this conclusion. *Stelz* v. *Shreck,* 128 N. Y. 263. *Donegan* v. *Donegan,* 103 Ala. 488. *Harrer* v. *Wallner,* 80 Ill. 197, 202–204. *Lash* v. *Lash,* 58 Ind. 526, 529. *Meyers* v. *East End Loan & Savings Association,* 139 Md. 607, 612. *Russell* v. *Russell,* 122 Mo. 235. *Sbarbaro* v. *Sbarbaro,* 88 N. J. Eq. 101. *Hayes* v. *Horton,* 46 Ore. 597, 600. *Whitely* v. *Meador,* 137 Tenn. 163, 166. *Davis* v. *Bass,* 188 N. C. 200, 207, 208. *Doherty* v. *Russell,* 116 Maine, 269, 272. *Thornley* v. *Thornley,* [1893] 2 Ch. 229. The same rule prevails as to community property. *Kirkwood* v. *Domnau,* 80 Texas, 645, 647, 648. *Biggi* v. *Biggi,* 98 Cal. 35, 38. *Ambrose* v. *Moore,* 46 Wash. 463, 466. The only decisions to the contrary which have come to our attention are *In re Lewis' Appeal,* 85 Mich. 340, *Alles* v. *Lyons,* 216 Penn. St. 604. See in this connection *Westerlund*

v. *Hamlin*, 188 Wis. 160.　The rule in Michigan now has been changed by statute.　*Montgomery* v. *Montgomery*, 221 Mich. 31, 34.

It remains to consider whether upon divorce a simple joint tenancy springs into being, or whether tenancy in common arises.　It was said in *Park* v. *Parker*, 216 Mass. 405, 407, that "Joint tenancy and its doctrine of survivorship are not in harmony with the genius of our institutions, nor are they much favored in law.　*Burnett* v. *Pratt*, 22 Pick. 556."　Our statutes tend in the same direction.　Express words are necessary in a deed or devise (except as to trusts) to create a joint tenancy.　G. L. c. 184, § 7.　These considerations lead us to the opinion that the operation of a divorce of the parties upon a tenancy by the entirety creates a tenancy in common.　The decisions hitherto cited are to that effect.

It follows that the petitioner is entitled to partition.

*Decree affirmed.*