E. Maude Childs *vs.* J. Arthur Childs & others.

Bristol.    October 28, 1935. — December 31, 1935.

Present: Rugg, C.J., Pierce, Field, Lummus, & Qua, JJ.

*Deed*, Construction. *Husband and Wife. Tenants by the Entirety. Bond*, For deed. *Equity Pleading and Practice*, Dismissal of bill, Amendment, Waiver, Bill.

A deed of real estate by a third person to persons who were in fact husband and wife, "as joint tenants in joint tenancy and to the survivor of them," and reciting payment of the consideration by them, "husband and wife," created a tenancy by the entirety in the grantees.

A tenancy by the entirety in real estate was not severed by a bond to convey it made by the husband and wife.

During the existence of a tenancy by the entirety in real estate, the husband is entitled to the possession and the rents and profits thereof.

Where husband and wife who were tenants by the entirety of real estate gave a joint bond conditioned on their conveying the property to the obligee upon payment by him of a certain sum in instalments, no provision for apportionment of payments by the obligee between the husband and the wife being specified, their interests in such payments were those of tenants by the entirety, G. L. (Ter. Ed.) c. 184, § 7, being inapplicable to such payments; and the husband was entitled to possession of the money paid until termination of the tenancy, and such part thereof as constituted profits belonged to him in his own right.

If the plaintiff in a suit in equity had no cause of action at the time it was commenced, the occurrence thereafter of an event giving rise to a cause, and the allowance of an amendment to the bill alleging its occurrence, did not aid him, and a decree dismissing the bill without prejudice was required; the facts that the defendant did not appeal from the allowance of the amendment and proceeded with the case on the basis that the allegation in the amendment was true did not show that he waived his right to stand upon the plaintiff's original lack of a cause of action or that he consented to the amendment's being treated as a new bill brought at the time the amendment was allowed.

Bill in equity, filed in the Superior Court on November 4, 1929.

The final decree was entered by order of *Collins*, J.

*A. E. Seagrave*, (*A. E. Beaulieu* with him,) for the defendant Childs.

*C. P. Ryan*, for the plaintiff.

Field, J. This is a suit in equity. It was brought by the plaintiff in 1929 against her then husband J. Arthur

Childs, hereinafter referred to as the defendant, and two other persons, obligees of a bond given by the plaintiff and the defendant, to require the defendant to account for money received by him from said obligees. Many of the allegations of the bill were admitted by the defendant's answer, including an allegation that on March 3, 1923, the plaintiff and the defendant executed and delivered to the obligees "a bond for a deed" of certain real estate, a copy of which bond is annexed to the bill. Material portions of this bond are set forth in the margin.* The case was referred to a master who filed a report on December 12, 1934, which was confirmed by an interlocutory decree on June 28, 1935. And on the date of this decree a motion by the plaintiff was allowed, after hearing, to amend the bill by adding thereto an allegation that on October 5, 1934, a decree was entered granting to the plaintiff a divorce from the defendant and "the said divorce became absolute" on April 6, 1935. This allegation was not denied and the case was argued on the basis that it was true. A final decree was entered ordering the defendant to pay to the plaintiff the sum of $1,047.86 with interest amounting to $349.29, and costs, and the defendant appealed therefrom.

---

* "KNOW ALL MEN BY THESE PRESENTS that we, J. Arthur Childs and E. Maude Childs both of Fall River in the County of Bristol and Commonwealth of Massachusetts, are holden and stand firmly bound unto George W. Kydd and Carolyn E. Kydd both of said Fall River in the sum of Four Thousand (4000.) Dollars, to the payment of which to the said obligees or their executors and administrators or assigns, we hereby bind ourselves, our heirs, executors and administrators. The condition of this obligation is such that whereas the said obligors have agreed to sell and convey unto the said obligees a certain parcel of real estate situated in said Fall River and bounded and described as follows, namely: . . . [Then follows the description.] The above described premises to be conveyed by a good and sufficient deed of the said obligors conveying a good and clear title to the same free from all encumbrances. And whereas for such deed and conveyance it is agreed that the said obligees shall pay the sum of Four Thousand (4000.) Dollars of which One Hundred (100.) Dollars have been paid this day, and the remainder to be paid by note of the said obligees of even date herewith bearing interest at the rate of 6% per annum, payable semi-annually in advance in monthly payments of Thirty-five (35) Dollars each on or before the first day of each month. It is further agreed that said obligees shall keep the property in good repair and pay all taxes, water bills, insurance and/or such assessments as are now due or to become due on such premises. Now, therefore, if the said obligors shall, upon payment by the said obligees of the aforesaid cash, note, and fulfillment of said agreements within ten years from this date, deliver unto the said obligees a good and sufficient deed as aforesaid, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

The master made these findings: The plaintiff and the defendant were wife and husband having been married in 1903.  They purchased the premises in question on May 19, 1908.  "The deed conveying the property was signed by Augustus S. Furtado and in the consideration clause it was declared that the consideration was paid by 'J. Arthur Childs and E. Maude Childs, husband and wife.'  In the granting clause it was conveyed to 'J. Arthur Childs and E. Maude Childs.'  In the habendum clause I find 'J. Arthur Childs and E. Maude Childs as joint tenants in joint tenancy and to the survivor of them.'  I find that the . . . [defendant] held in joint tenancy and not as tenant in the entirety if the said finding be material.  On March 3, 1923, the parties hereto entered into a contract to convey the land for the sum of $4,000.00 to a Mr. and Mrs. Kydd.  The bond called for a conveyance on payment of the said principal and interest that might accrue thereon until said money was paid."

From March 3, 1923, up to and including September 1, 1928, the defendant "collected on the principal and interest due on unpaid balances of the principal the sum of $2194.67 and . . . after January 8, 1929 he received on the principal and interest accrued the further sum of $491.86 making a total received up to March 1, 1930 of $2686.53."  The master made findings in regard to amounts paid out by the defendant for taxes and interest on a mortgage on the real estate in question.  And he found that the defendant "never rendered an account" to the plaintiff and "upon demand refused to pay any of the money collected from the premises," and that of the total amount received by the defendant "he should be credited with payments of $610.80 leaving a balance of $2085.73 [$2,075.73?], one half of which, namely, $1047.86 [$1,037.86?] is due and payable" to the plaintiff.

The plaintiff is not entitled to relief in this suit on the facts established.

The plaintiff and the defendant were tenants by entireties of the real estate at the time the bond to convey it was given by them to the obligees of the bond.  The language

of the deed by which this real estate was conveyed to the plaintiff and her husband by a third person indicates that joint ownership thereof with survivorship, that is, some form of joint tenancy, and not a tenancy in common was intended. *Hoag* v. *Hoag*, 213 Mass. 50, 53. Moreover, since the grantees were husband and wife presumably a tenancy by entireties was created, though an ordinary joint tenancy could have been created if the intention to do so clearly appeared in the deed. *Ames* v. *Chandler*, 265 Mass. 428, 432. *Splaine* v. *Morrissey*, 282 Mass. 217, 221. But no such intention is shown by the deed as described by the master. Neither the granting clause nor the clause reciting payment of the consideration purports to define the estate created except as the latter recognizes the existence of the marital relation by describing the defendant and the plaintiff as "husband and wife." And the *habendum* clause limiting the estate to the plaintiff and the defendant "as joint tenants in joint tenancy and to the survivor of them," though sufficient to rebut the presumption of a tenancy in common, is not sufficient in a deed from a third person to rebut the presumption of a modified form of joint tenancy which is a tenancy by entireties. *Hoag* v. *Hoag*, 213 Mass. 50, 53–54. See *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 487. Compare *Ames* v. *Chandler*, 265 Mass. 428. The finding of the master that the defendant "held in joint tenancy and not as tenant in the entirety" is incompatible with the master's findings as to the terms of the deed. *Hayward* v. *Cain*, 110 Mass. 273, 279. Compare *Splaine* v. *Morrissey*, 282 Mass. 217, 222–223.

The estate by entireties of the plaintiff and the defendant in the real estate in question was not destroyed or severed before the divorce of the plaintiff and the defendant, which took effect after this suit was brought. Doubtless by conveyance of the real estate to a third person by a deed in which the plaintiff and the defendant joined the estate by entireties in such real estate could have been terminated. *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 487. But there was no such conveyance prior to the divorce. Though the bond, executed years before the divorce, contemplated

such a conveyance of the real estate in the future, no conveyance, so far as appears, was ever made. And the giving of the bond did not change the quality of the estate of the plaintiff and the defendant in the real estate. They remained tenants by entireties until they were divorced and then became tenants in common. *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 490. While they were tenants by entireties the defendant was entitled to possession of the real estate and to the rents and profits thereof, though he could not convey the real estate so as to bind the plaintiff or destroy her right of survivorship without her consent. *Peter* v. *Sacker*, 271 Mass. 383, 385, and cases cited. Prior to the divorce, therefore, the plaintiff was not entitled either to possession of the real estate or to the rents and profits thereof.

The plaintiff, prior to the divorce, had no greater interest in the amounts received by the defendant under the bond than she had in the real estate. Her interest in such amounts was that of a tenant by entireties. That there may be a tenancy by entireties in personal property is settled. *Phelps* v. *Simons*, 159 Mass. 415. *Marble* v. *Treasurer & Receiver General*, 245 Mass. 504, 507. *Splaine* v. *Morrissey*, 282 Mass. 217, 221. The bond was a joint obligation of the plaintiff and the defendant. *Lovell* v. *Commonwealth Thread Co. Inc.* 272 Mass. 138, 141. Am. Law Inst. Restatement: Contracts, §§ 111, 112. Whether, since the bond purports to bind the plaintiff and the defendant, their "heirs, executors and administrators," the plaintiff and the defendant also would be severally liable for a breach thereof need not be decided. In any event the performance which was the condition of the bond, so long at least as the defendant and the plaintiff lived and continued to be husband and wife, was conveyance by both of them of real estate of which they were tenants by entireties in exchange for payment by the obligees of the bond of a fixed sum of money — with interest on deferred payments — for the apportionment of which between the plaintiff and the defendant no express provision was made in the bond. In these circumstances the inference is to be

drawn that the respective interests of the plaintiff and the defendant in the amounts received by the defendant under the bond were the same as their interests in the real estate which was to be conveyed in exchange therefor. See *Osborn* v. *Martha's Vineyard Railroad*, 140 Mass. 549; *Boland* v. *McKowen*, 189 Mass. 563; *Park* v. *Parker*, 216 Mass. 405, 408. Compare *Hayward* v. *Cain*, 110 Mass. 273, 278–279. G. L. (Ter. Ed.) c. 184, § 7, applies only to conveyances and devises of land and is inapplicable here. And it is immaterial that the defendant and the plaintiff were not referred to in the bond as husband and wife. *McLaughlin* v. *Rice*, 185 Mass. 212.

In view of the nature of the ownership of the amounts received by the defendant under the bond he was entitled at least to possession of such amounts until the tenancy by entireties was changed by the divorce to a tenancy in common. And such part of these amounts received by him prior to the divorce as constituted profits belonged to him in his own right. The plaintiff, therefore, had no cause of suit when the original bill was filed, and, consequently, the amendment to the bill allowed after the divorce, though treated as an amendment by way of a supplemental bill (see Rule 16 of the Superior Court [1932]), does not aid her. The amendment did not merely allege matters arising after the original bill was filed which support a cause of suit existing when that bill was filed. *McMurtrie* v. *Guiler*, 183 Mass. 451, 454–455. *Bartlett* v. *New York, New Haven & Hartford Railroad*, 226 Mass. 467, 471. And the allowance of the amendment did not conclude the defendant on this point. *Bartlett* v. *New York, New Haven & Hartford Railroad*, 226 Mass. 467. Nor was the procedure followed in the case such as to warrant the conclusion that the defendant has waived his right to insist that the decree was not based on a cause of suit existing when the original bill was filed and has assented to the bill as amended being treated as a new bill brought at the time the amendment was allowed, though his argument against the decree is not stated in precisely this form. See *Pinch* v. *Anthony*, 10 Allen, 470, 477. It

follows that the decree must be reversed and a decree entered dismissing the bill without prejudice. *Hooker* v. *Porter*, 271 Mass. 441, 448.

*Ordered accordingly.*