LEONARD FINN, trustee, *vs.* ELIZABETH FINN & others.

Suffolk.    December 8, 1964. — February 3, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Trust,* Construction.   *Tenants by the Entirety.   Joint Tenants.   Personal Property,* Tenancy by the entirety, Joint tenancy.   *Divorce,* Tenancy by the entirety.   *Words,* "Present wife."

Where husband and wife owning corporate stock "as joint tenants with right of survivorship and not as tenants in common" entered into an agreement with the corporation whereby the corporation was to purchase the stock at a designated price from the wife in the event of the death of the husband survived by her, and subsequently the husband and wife were divorced following the making of a settlement agreement providing that nothing therein should affect the wife's rights under the agreement with the corporation "relating to . . . stock . . . now owned by . . . [them] as joint tenants with rights of survivorship" or her "ownership" of the stock, it was held in the circumstances that the tenancy by the entirety in the stock existing prior to the divorce was converted by the divorce to a joint tenancy, not a tenancy in common, and that upon the death of the former husband and sale of the stock to the corporation the former wife as surviving joint owner was entitled to the entire proceeds of the sale to the exclusion of the husband's estate.

BILL IN EQUITY filed in the Superior Court on November 10, 1961.

The suit was reported by *Sullivan,* J.

*Stanley S. Ganz* for Lillian L. Corey.

*Walter H. McLaughlin, Jr. (Arthur M. Gilman & Harold L. Levin* with him) for Elizabeth Finn individually and as administratrix.

REARDON, J.   Leonard Finn, trustee under an agreement dated March 15, 1957 (the agreement), has brought suit against Elizabeth Finn (Elizabeth) and Lillian L. Corey (Lillian), alleging that he is the holder, as trustee, of a fund in which both defendants claim an interest.   In her capacity as administratrix of the estate of Irving J. Finn, Elizabeth was allowed to intervene as a party defendant.   A justice

of the Superior Court heard the case upon the pleadings and a statement of agreed facts constituting a case stated and, at the request of the parties, has reported the facts and all questions of law for our consideration.

The facts are as follows. From 1933 until 1960, Irving J. Finn (Irving) was married to Lillian. Between 1946 and 1953 Bonded Oil System, Inc. (the company), a Massachusetts corporation, issued capital stock to Irving and Lillian "as joint tenants with right of survivorship and not as tenants in common." The agreement was entered into by the holders of all outstanding stock of the company — Irving and Lillian, Irving's three sisters and their spouses — as well as by the trustee and the company.

The agreement recites: "It is the intention of the parties to provide that in the event of the death of a Husband-Stockholder, the stock holdings of said Husband-Stockholder and/or of his wife shall be liquidated and, in order to effectuate this intention, the Company shall purchase for the treasury any stock owned by him or her." To carry out this program, the company took out insurance policies, each in the amount of $50,000, on the lives of the husband-stockholders. It was agreed that the trustee would hold the policies as well as all stock certificates "endorsed in blank and with proper transfer stamps attached." The company retained the rights of ownership of the policies as did the stockholders of the stock. The agreement provides further: "In the event of the death of a Husband-Stockholder, the Company shall purchase from his present wife (if she shall survive him) or from his estate (if his said wife shall have predeceased him), and she or it, as the case may be, shall sell to the Company in the manner and upon the terms hereinafter provided all shares of the Company owned by him and/or his said wife at the time of his death." The purchase price to be paid for the stock was designated in the agreement, which provided also that the stock certificates were to be endorsed with a legend stating that the shares were "subject to the terms of an agreement dated March 15, 1957."

Differences developed between Irving and Lillian and in 1959 they became separated. On September 13, 1960, Irving obtained, in a Florida court, a divorce from Lillian, concerning the legality of which no issue is presented. Incorporated into the divorce decree was a property settlement agreement executed between the parties, and respective trustees for each, on January 15, 1960. This agreement provides that Massachusetts law is to govern in the construction of its terms. It further states that "nothing herein contained shall be deemed or construed to affect, impair, modify, alter, amend, release or waive any rights of said Wife under a written agreement with Bonded Oil System, Inc. et al, dated March 15, 1957, relating to shares of stock in said Bonded Oil System, Inc. now owned by said Husband and Wife as joint tenants with rights of survivorship, and nothing herein contained shall be deemed or construed to affect, impair, modify, alter, amend, release, or waive her ownership of said shares of stock."

Shortly after the issuance of the divorce decree Irving and Elizabeth were married in Florida. A year later Irving died. The trustee under the 1957 agreement thereafter collected the life insurance owned by the company in the net amount of $49,841.92, which sum was deposited in court pending determination of the conflicting claims.

1. The principal issue presented is whether Lillian, a signatory of the 1957 agreement and the "present wife" to whom reference is made therein, is entitled to the entire purchase price of the shares of stock in the company issued to Irving and Lillian or whether she is entitled to receive only one-half, the other half going to Irving's estate. Elizabeth, in her individual capacity, claims to be the "present wife" referred to, but the agreement, coupled with the property settlement, establishes beyond doubt that the marital situation existing in 1957 was that to which reference was made.

2. We now consider the conflicting claims of Lillian and Elizabeth, as administratrix. When Irving and Lillian received title to the shares of stock they were husband and

wife.    Under our decisions they could hold property, real
or personal, as joint tenants, where such an intention was
unmistakably shown.    *Splaine* v. *Morrissey,* 282 Mass. 217,
221, and cases cited.    Absent a clear showing that a joint
tenancy was intended, however, a husband and wife hold
property as tenants by the entirety.    The effect of this rule
has been that, unless the deed expressly negates the exist-
ence of a tenancy by the entirety, the common law operates
to establish this form of coöwnership.    See *Franz* v. *Franz,*
308 Mass. 262.    Therefore, we assume that Irving and Lil-
lian, during their marriage, held the shares of stock as ten-
ants by the entirety.    *Hoag* v. *Hoag,* 213 Mass. 50.    *Wood-
ard* v. *Woodard,* 216 Mass. 1.    *Splaine* v. *Morrissey, supra.
Childs* v. *Childs,* 293 Mass. 67.    *Pineo* v. *White,* 320 Mass.
487.    *Cummings* v. *Wajda,* 325 Mass. 242.

3.    It has long been recognized that a tenancy by the
entirety cannot exist between unmarried persons.    ''The
foundation and continuance of a tenancy by the entirety are
inconsistent with the legal conception of a man and woman
no longer in a state of matrimony.''    *Bernatavicius* v. *Ber-
natavicius,* 259 Mass. 486, 489.    In that case, where the di-
vorce decree made no disposition of the property of the
parties, it was held that upon a divorce a tenancy by the
entirety becomes a tenancy in common.    We do not ques-
tion the correctness of that case upon the facts there before
the court.    Presently, however, we are confronted with a
situation where the intent of the parties to retain survivor-
ship in the wife, subsequent to the divorce, is unmistakably
expressed.    The divorce decree, by incorporation of the
separation agreement, provided that Lillian's ''ownership''
of the stock held by her and Irving ''as joint tenants with
rights of survivorship'' was not to be affected by the settle-
ment.    This agreement, when entered, looked forward to a
time when Lillian and Irving would no longer be husband
and wife.    For us now to hold that by operation of law
Lillian has no right of survivorship would surely affect and
impair her ownership.    Thus, we hold that upon divorce
Lillian became a joint tenant and is entitled by right of sur-

vivorship to receive the proceeds of the stock purchase in full.

4.   A decree will issue to the effect that upon Irving's death ownership of the shares held by him and Lillian as joint tenants passed to Lillian, and that the trustee is to pay to her the entire fund now held by him which is the product of the sale of such shares.

*So ordered.*