**Mary E. D'ERCOLE**

v.

**Alghier A. D'ERCOLE.**

**Civ. A. No. 73–3070–T.**

United States District Court,
D. Massachusetts.

Feb. 19, 1976.

---

1378

David M. Shaw, Boston, Mass., for plaintiff.

Robert P. Whitten, Boston, Mass., for defendant.

## OPINION

TAURO, District Judge.

This is an action brought under 42 U.S.C. § 1983 in which the plaintiff seeks

declaratory and injunctive relief for deprivation of rights allegedly secured to her under the Fifth and Fourteenth Amendments. Jurisdiction is claimed under 28 U.S.C. § 1343(3) and (4).

Basically, plaintiff's complaint states that the common law concept of tenancy by the entirety, as formulated and enforced by case law, and as recognized by the statutes of the Commonwealth of Massachusetts, deprives her of due process and equal protection of the law in that it gives the defendant, her husband, the right of possession and control during his lifetime of their home, owned by them as tenants by the entirety. Defendant's position is that plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).[1]

### I

The plaintiff and the defendant have been married for some thirty five years. In November of 1962 they bought a residence at 61 Stone Road, Waltham, Massachusetts, for $20,000. The percentage of down payment provided by each party for the home is disputed.[2] Plaintiff used her own funds to purchase some $3500 in new furnishings for the home at the time of purchase. She has been steadily employed during the entire thirty five years of her marriage and, by agreement with the defendant, assumed financial responsibility for all household expenses, except for mortgage payments and real property taxes. Defendant further concedes that plaintiff has paid for all the preparatory and college expenses of her son.[3]

In 1971, the plaintiff and defendant determined they could no longer live together. When the defendant refused to leave the marital home, plaintiff departed, moving to a relative's home where she still resides.

Proceedings for legal separation and for divorce are now pending in the Middlesex County Probate Court. The defendant husband is seeking a divorce. The plaintiff wife is seeking a separation and is vehemently opposing the divorce on factual issues and because of religious beliefs.

Defendant has refused to share the marital home with plaintiff by allowing her sole occupancy for part of the year, by selling the house and dividing the proceeds, by paying plaintiff her share in the equity of the house, or by renting the premises and dividing the proceeds. In support of his position, defendant points out that the property in question is held under a tenancy by the entirety, which gives both him and the plaintiff an indefeasible right of survivorship, but gives him exclusive right to possession and control in his lifetime. He has stated that he will grant plaintiff one-half the equity in the house if she will grant him an uncontested divorce.[4]

### II

When two or more persons wish to hold property together in Massachusetts they may select one of three common law forms of ownership: the tenancy in common, joint tenancy or tenancy by the entirety.

---

1. Injunctive relief is sought only against the defendant husband. *See infra* page 1381. Since the complaint does not seek to enjoin the enforcement of any state statute, a three-judge court is not required. *See* 28 U.S.C. §§ 2281–2284.

2. Plaintiff in her complaint alleges that she provided one half of the $1,000 down payment. Defendant has denied this allegation, but his version of the truth in this matter is not in the record. The parties have agreed, and the court concurs, that the exact details of this transaction are not critical to this court's ruling.

3. This child is referred to in plaintiff's complaint and in the parties' joint pre-trial memorandum as "her son." It is not clear, therefore, whether or not the defendant is the child's father.

4. Divorce would, in any case, terminate the tenancy by the entirety and thus allow the plaintiff to seek partition of the property. *Campagna v. Campagna*, 337 Mass. 599, 605, 150 N.E.2d 699, 703 (1958). Separation, even when ratified by a formal decree, does not end the tenancy by the entirety.

The tenancy in common is the holding of land "by several and distinct titles."

> Each tenant owns an undivided fraction, being entitled to an interest in every inch of the property. With respect to third persons the entire tenancy constitutes a single entity. There is no right of survivorship as between tenants in common. Upon the death of a tenant in common his undivided interest in the property is transferred to his heirs or devisees, subject to liens, claims and dower.

28 Mass.Practice (Park) § 125, at 119–120. (Footnotes omitted). There is a presumption in favor of the tenancy in common over the joint tenancy as a matter of construction in Massachusetts. Each tenant in common has a right to free usage of the whole parcel and may freely convey out his share of the property to a third party, who then becomes a tenant in common in relation to the remaining cotenants.

The joint tenancy is "a single estate in property owned by two or more persons under one instrument or act."

> A joint tenancy is similar to a tenancy in common in that all tenants have an equal right to possession, but the joint tenants hold the property by one joint title and in one right, whereas the tenants in common hold by several titles or by one title and several rights.

> The joint tenancy differs also in that there is a right of survivorship in a joint tenancy but not in a tenancy in common. On the death of one of the joint tenants his interest does not descend to his heirs or pass under his will as in a tenancy in common . . . . The widow of the deceased tenant has no dower rights and his creditors have no claim against the enlarged interest of the surviving tenants.

28 Mass.Practice (Park) § 126, at 121–122. (Footnotes omitted). A joint tenant may convey out his share in the property via a legal partition. See Mass.Gen.L. ch. 241, § 1.

The tenancy by the entirety is designed particularly for married couples and may be employed only by them. Until 1973 unless there was clear language to the contrary a conveyance to a married couple was presumed to create a tenancy by the entirety.[5] This form of property ownership differs from the joint tenancy in two respects. First, each tenant has an indefeasible right of survivorship in the *entire* tenancy, which cannot be defeated by any act taken individually by either spouse during his or her lifetime. There can be no partition. Second, the spouses do not have an equal right to control and possession of the property. The husband during his lifetime has paramount rights in the property. In the event of divorce the tenancy by the entirety becomes a tenancy in common unless the divorce decree reflects that a joint tenancy is intended.

### III

The stage was set for the instant case by this court's decision in *Klein v. Mayo,* 367 F.Supp. 583 (1973) *aff'd,* 416 U.S. 953, 94 S.Ct. 1964, 40 L.Ed.2d 303 (1974). In *Klein* a three-judge panel[6] heard a challenge to the constitutionality of Mass.Gen.L. ch. 241, § 1. This statute states that:

> Any person, except a tenant by the entirety, owning a present undivided legal estate in land, not subject to redemption, shall be entitled to have partition in the manner hereinafter provided.

The plaintiff in that case was in precisely the same position as the present plaintiff, having separated from her husband without dissolving her marriage and desiring an equal share in their property, which was held under a tenan-

---

5. *See* note 8 *infra.*

6. The members of this panel were: Campbell, Circuit Judge; Julian, Senior District Judge; and Tauro, District Judge.

cy by the entirety. She contended that, given the bias of the tenancy by the entirety, the quoted statute barring partition discriminated against her on the basis of sex. In ordering judgment for the defendant, *Klein* separated the issue of partition from the issue of any underlying bias in the common law tenancy by the entirety. Finding that partition was equally unavailable to men and women holding property by the entirety, the court concluded that the challenged statute was non-discriminatory, while leaving open the possibility of future direct challenges to the tenancy by the entirety itself.

The statute which is the subject of plaintiff's complaint deals solely with the right to partition, and that right is denied to both husbands and wives. The issue concerning right to possession and control is separate and distinct from that concerning the right to partition.

We are mindful that, in the future, certain common-law aspects of tenancy by the entirety may be subject to judicial review in the light of recent decisions concerning sex discrimination. *See, e. g., Frontiero v. Richardson,* 411 U.S. 677 [93 S.Ct. 1764, 36 L.Ed.2d 583] (1973); *Reed v. Reed,* 404 U.S. 71 [92 S.Ct. 251, 30 L.Ed.2d 225] (1971). We are mindful as well that such a challenge may or may not be met by the fact that tenancy by the entirety is but one option open to married persons, and is in no way compelled by the state.

367 F.Supp. 586.

This action presents the challenge referred to in *Klein,* a direct attack on the common law tenancy by the entirety. No challenge to a statute is involved here. Plaintiff's original claim for an order of partition and sale by this court has been waived. Plaintiff asks this court to "restrain and enjoin the defendant from collecting any rents or profits from the above described premises," and to "restrain and enjoin the defendant from continuing to exercise exclusive possession and control over the above described premises." [7]

## IV

Defendant has not contested the court's jurisdiction in this case,[8] but defends on the merits, contending that the Massachusetts' tenancy by the entirety does not discriminate against women.[9]

---

**7.** In a third claim for relief plaintiff asks this court to "declare that upon physical separation of a husband and wife, the wife on her behalf, has the absolute right to file a petition for partition of the property held by her as tenants (sic) by the entirety." Such contention, however, was foreclosed by *Klein.*

**8.** An issue might have been raised as to the existence of state action in this case, but in any event this court concludes that the tenancy by the entirety is a "custom or usage" enforced by the "persistent practices of state officials" sufficient to satisfy the state action prerequisite for suits brought under 42 U.S.C. § 1983. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 167, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In *Adickes* the Supreme Court clearly suggested that a common law creation can constitute a "custom or usage" for purposes of § 1983. *Id.,* at 165, 90 S.Ct. 1598, *quoting* Cong.Globe, 42d Cong., 1st Sess., App. 216 (remarks of Senator Thurmond). The presumption favoring the tenancy by the entirety in property holdings by married persons has been upheld by a line of Massachusetts cases, unbroken until 1973, when the presumption was eliminated by statute. *See Pray v. Steb-*

bins, 141 Mass. 219, 4 N.E. 824 (1886); *Hoag v. Hoag,* 213 Mass. 50, 99 N.E. 521 (1912); *Childs v. Childs,* 293 Mass. 67, 199 N.E. 383 (1935); *Finn v. Finn,* 348 Mass. 443, 204 N.E.2d 293 (1965); *Maddams v. Maddams,* 352 Mass. 32, 223 N.E.2d 519 (1967). *See also, Gould v. Gould,* 359 Mass. 29, 267 N.E.2d 652 (1971). The presumption in favor of tenancies by the entirety was eliminated by an amendment to Mass.Gen.L. ch. 184, § 7, April 23, 1973, ch. 210 of the Acts of 1973.

In addition, as noted above, the common law tenancy by the entirety is enforced in the Commonwealth by Mass.Gen.L. ch. 241, § 1, which bars partition of property so held.

**9.** Defendant also contends that Massachusetts' statutes already provide plaintiff with the relief she seeks here. He cites Mass.Gen.L. ch. 209, §§ 32 and 32D and ch. 208, § 34B, which give the state probate court discretionary power to grant the plaintiff a share, or a constructive share, in the subject property. Since the court is of the opinion that the tenancy by the entirety does not discriminate against women, it is not necessary to reach this defense.

■ As was conceded in *Klein*, the common law concept of tenancy by the entirety is male oriented.

It is true that the only Massachusetts tenancy tailored exclusively for married persons appears to be balanced in favor of males. There is no equivalent female-biased tenancy, nor is there a "neutral" married persons' tenancy providing for indefeasible survivorship but not vesting paramount lifetime rights in the male. Married couples may, it is true, elect a joint tenancy, a tenancy in common, or a sole tenancy. However, the survivorship feature of a joint tenancy may be destroyed by partition. A wife who wants the security of indefeasible survivorship can achieve it only by means of a male-dominated tenancy.

367 F.Supp. at 585.

But, the dispositive issue is not merely whether the tenancy by the entirety favors males. Rather, the issue is whether it does so in a manner that creates a constitutionally impermissible classification. On the specific facts of this case, this court holds that tenancy by the entirety, being but one option open to married persons seeking to take title in real estate, is constitutionally permissible.

It may be possible in some future case for a plaintiff wife to demonstrate factually that a selection of tenancy by the entirety was made through coercion, ignorance or misrepresentation. But no such facts were presented here, nor does plaintiff advance such a theory. Rather, this record makes almost inescapable the conclusion that plaintiff freely entered into a contract along with her husband in 1961, selecting one among several options open to her. Events have not transpired as she expected and now she seeks to revise the terms of her contract, because she now feels that her husband got the better end of the bargain.[10]

Without greater justification than plaintiff's unsubstantiated allegations of prejudice, this court will not declare unconstitutional a form of property ownership selected by and presently relied upon by thousands of Massachusetts residents, including this plaintiff and defendant. As was noted in *Klein*,

[t]he state does not compel husbands and wives to hold their property as tenants by the entirety. Undoubtedly, that choice is knowingly made in many instances despite or even, perhaps, because of its male oriented aspects. The choice would have been the same whether or not alternatives were available.

*Id.* at 585.

The Commonwealth permits tenancy by the entirety as one available option of property ownership. The plaintiff now complains of its consequences. But, as indicated in *Klein*, this is not to say that other married women would not prefer a vehicle giving husbands the right to possession, while at the same time foreclosing the possibility of partition, thereby preserving the family homestead even during bitter but temporary periods of separation.[11]

This case is readily distinguishable from *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). There, the challenged statute barred forever a wife from acting as administratrix of her child's estate if her husband sought appointment as administrator. Here, the plaintiff has made her own choice. The state did not compel her current status. Moreover, if the effects of the tenancy

---

10. It is of more than passing significance to note that if plaintiff prevailed in this case, she would hold the property as a tenant in common, or possibly a joint tenant, with a right of partition. These are both options the Commonwealth afforded her back in 1961.

11. It could be argued that the legislature has not abolished the common law tenancy by the entirety as a vehicle for acquiring title, because it serves as an effective means for the Commonwealth to quiet disputes as to possession pending a determination of that issue by the probate court. After reviewing the circumstances of a particular case, the probate court may well award possession and control of the premises to the wife, among other similar options. Mass.Gen.L. ch. 209, §§ 32 and 32D and ch. 208, § 34B.

are too onerous or inequitable, she may apply to the probate court for appropriate relief.

This court is sympathetic with plaintiff's concern that the tenancy by the entirety is to some degree a legal artifact, formerly justified by the presumed incompetence of women to manage property. But this decision is not based on such an archaic and patently invalid stereotype. Rather, the fact is that, regardless of its roots, the tenancy by the entirety exists today as one of several options open to married persons seeking to purchase real estate. Its existence constitutes a matter of choice not discrimination. If there is a classification, it is one selected by the plaintiff, not one imposed by the Commonwealth. She is entitled to the benefit of her bargain, no more and no less. There being no evidence that the plaintiff in this case made her choice among then existing options other than freely, this court will not step in to re-write the agreement between her and her husband.

The court orders entry of judgment for the defendant.