Donald T. FORBES, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 77–1570–C.

United States District Court, D. Massachusetts.

July 2, 1979.

Paul T. Sullivan, Bagley & Bagley, Boston, Mass., for plaintiff.

Carolyn S. Grace, Asst. U.S. Atty., Boston, Mass., Claire Fallon, Trial Atty., Tax Division, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the Court on cross-motions for summary judgment. The case concerns the tax consequences of a transfer of his family home by plaintiff to Irene M. Forbes, his former wife, pursuant to an order contained in a divorce decree. The parties have stipulated to the following facts and each concedes there is no issue of material fact herein.

The plaintiff and Irene M. Forbes were married for some thirty-one years. On December 5, 1955 they purchased their residence located at 47 Larchmont Street, Dorchester, and took title as tenants by the entirety. Plaintiff made a down payment of $1,000 from his savings. Plaintiff paid all mortgage payments and bills for the

house. In addition, plaintiff collected all rents due on the portion of the house which was rented. Although Irene M. Forbes worked intermittently during the marriage, she did not contribute her earnings to the support of the household.

On June 6, 1973, the Probate Court for the County of Suffolk, Massachusetts, granted a divorce decree *nisi* to plaintiff and Irene M. Forbes which became final on December 6, 1973. On August 9, 1973 the Probate Court ordered, *inter alia*, that plaintiff pay the balance of the mortgage due on the Larchmont Street property and that plaintiff convey that property to Irene M. Forbes. He did so on August 14, 1973. On August 14, 1973, plaintiff's cost basis for the 1973 transfer was $10,336 and the fair market value was $23,500.

Subsequently, the Internal Revenue Service (IRS) audited plaintiff's 1973 United States Individual Income Tax return and determined that the transfer of the appreciated property from plaintiff to Irene M. Forbes constituted a taxable exchange resulting in the realization by plaintiff of a long-term capital gain of $13,164. Accordingly, the IRS increased plaintiff's taxable income by $6,582. That increase plus the disallowance of an alimony deduction of $300 resulted in a deficiency of $2,635.73 which was assessed by the IRS. Plaintiff paid the deficiency on August 12, 1976 and interest of $428.35 on November 5, 1976. Plaintiff's timely claim for a refund of $3,064.08 for taxes and interest was disallowed on April 26, 1977.

Plaintiff instituted this action on June 20, 1977. He seeks only a refund of that portion of the deficiency attributable to the Larchmont Street property dispute.

Plaintiff argues that under the Massachusetts Equal Rights Amendment (ERA) (Art. 106 of the Amendment of the Massachusetts Constitution amending Declaration of Rights, Art. 1) the transfer of the Larchmont Street property constitutes a nontaxable division of property between two co-owners. In so arguing, plaintiff contends that the rule of *United States v. Davis*, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962), no longer is viable in the Commonwealth.

In *United States v. Davis, supra*, the United States Supreme Court held that the transfer of certain property of the husband to his wife in release of his marital obligations constituted a taxable event to the husband. The Court ruled that since under the law of Delaware the inchoate rights granted a wife on her husband's property gave the wife no interest over the management or disposition of her husband's personal property the transfer did not constitute a non-taxable division of property between two co-owners.

■ In Massachusetts a wife's interest in property held by the entireties is no greater than that interest Delaware grants to a wife in her husband's property. Massachusetts law does not give a wife the right to possession and control of property held as a tenancy by the entirety nor to the revenue therefrom, but rather gives the husband during his lifetime paramount rights in the property subject to the wife's inchoate rights. *E.g., D'Ercole v. D'Ercole*, 407 F.Supp. 1377, 1380 (D.Mass.1976); *Krokyn v. Krokyn*, Mass., 390 N.E.2d 733 (1979); *Franz v. Franz*, 308 Mass. 262, 265, 32 N.E.2d 205 (1941). While not articulated as such the plaintiff challenges the continuing viability of the tenancy by the entirety on the theory that the Massachusetts ERA bestows co-equal rights on both spouses and, therefore, any disposition of the property is comparable to a division of property between two co-owners.

■ In *Krokyn v. Krokyn, supra*, the Massachusetts Supreme Judicial Court refrained from expressing any opinion on the effect of the ERA on the law giving a husband the greater interest in property held by entireties. Here also that question will have to wait for another day. Plaintiff's argument urges the retroactive application of the ERA to the nature of the title by which he and Irene M. Forbes held the Larchmont Street property. It is a long standing rule of statutory construction that generally statutes are presumed to operate

prospectively. *E.g., Patrick v. Commissioner of Correction*, 352 Mass. 666, 669, 227 N.E.2d 348, 351 (1967). *Accord, Greene v. United States*, 376 U.S. 149, 169, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964); *Addison v. Bulk Food Carriers, Inc.*, 363 F.Supp. 1016 (D.C. 1973), *aff'd*, 489 F.2d 1041 (1st Cir. 1974). In order to determine whether a statute is to be given retroactive effect it is necessary to

> Look to the stage of the proceedings affected by the change and determine whether that stage has been completed on the effective date of the amendment. If the point in the proceedings to which the statutory change is applicable has already passed, the proceedings are not subject to that change.

*Porter v. Clerk of Superior Court*, 368 Mass. 116, 118, 330 N.E.2d 206, 208 (1975). In the instant case the transfer occurred in August of 1973 when the Probate Court ordered it as part of the divorce decree. That conveyance terminated the tenancy by the entirety. *See, Campagna v. Campagna*, 337 Mass. 599, 605, 150 N.E.2d 699, 703 (1958); *Bernatavicius v. Bernatavicius*, 259 Mass. 486, 489, 156 N.E. 685, 687 (1927). The Massachusetts ERA did not become effective until ratified on November 2, 1976. It follows therefore that the ERA cannot be applied retroactively to alter the nature of title held by plaintiff and Irene M. Forbes when that title terminated three years prior to the ratification of the ERA, and accordingly, I so rule.[1]

Plaintiff argues in the alternative that under the Fourteenth Amendment the tenancy by the entirety results in an impermissible discrimination. On this question I will follow *D'Ercole v. D'Ercole*, 407 F.Supp. 1377, 1382 (D.Mass.1976). *See also,*

*Klein v. Mayo*, 367 F.Supp. 583, 585 (D.Mass.1973), *aff'd*, 416 U.S. 953, 94 S.Ct. 1964, 40 L.Ed.2d 303 (1974). While *D'Ercole* did not address the precise circumstances now before the court—in *D'Ercole* the wife sought an equal share in the possession and control of the property without dissolving the marriage—the rationale is nevertheless applicable. There, the constitutional challenge to the tenancy by the entirety was met by the argument that such a tenancy is but one option open to married persons seeking to take title to real estate and that the choice is in no way compelled by the state. *D'Ercole v. D'Ercole, supra* at 1382–83; *see also, Klein v. Mayo*, 367 F.Supp. at 586. "Its existence constitutes a matter of choice not discrimination." *D'Ercole v. D'Ercole, supra* at 1383. Thus, the plaintiff there was foreclosed from complaining about the consequences of her choice. Here also plaintiff is foreclosed from complaining about the consequences of his choice. This is not a case where the selection of tenancy by the entirety was made through coercion, ignorance or misrepresentation.[2]

Plaintiff's reliance on *Friedman v. Harold, (In re Harold)* Bankruptcy No. 77–999–HL (D.Mass.1977) is misplaced. In *Harold* the Bankruptcy Court held that

> The Massachusetts common law rule that permits alienation and attachment of a husband's, but not his wife's interest in a tenancy by the entirety impermissibly discriminated against *creditors* of the wife under both the Massachusetts Equal Rights Amendment and recent Supreme Court decisions interpreting the Equal Protection Clause of the 14th Amendment.

---

1. Some courts have given retroactive effect to other state ERA's but such retroactive application has been limited to circumstances inapposite to those of this case. *See, Page v. Welfare Commissioner*, 170 Conn. 258, 365 A.2d 1118 (1976); *Burke v. Duquesne Light Co.*, 122 Pittsb.Leg.J. 54 (Penn.1973); *See also* Annot., 90 A.L.R.3d 158, 176–77 (1979).

2. Plaintiff places great importance on the fact that the transfer was not voluntary. Since

plaintiff did not raise this claim in his claim for refund filed with the Commissioner he is now foreclosed from raising it here. *Real Estate Title Co. v. United States*, 309 U.S. 13, 18, 60 S.Ct. 371, 84 L.Ed. 542 (1940); *Pelham Hall Co. v. Carney*, 111 F.2d 944, 948 (1st Cir. 1940). In any event, the question of voluntariness is only material to the selection of the kind of title he would acquire.

That the creditor lacked the freedom of choice conferred upon one who takes title under a tenancy by the entirety distinguishes *Harold* from the instant case.

■ Thus, the court is constrained to apply the rule of *United States v. Davis, supra.* In *Davis* the question was whether a taxable gain had been realized at the time of the transfer of the property from the husband to the wife or whether the taxable event waited a subsequent transfer of the property by the wife. *United States v. Davis, supra* at 68. State law determined whether there was a sale or exchange as compared to a division of property according to what kind of property rights existed at the time of the transfer. Federal law then determined whether a taxable transfer resulted. At the time this plaintiff conveyed the Larchmont Street property to Irene M. Forbes, Massachusetts law clearly conferred upon him the paramount interest in that property. *D'Ercole v. D'Ercole, supra; Franz v. Franz,* 308 Mass. 262, 265, 32 N.E.2d 205 (1941). Plaintiff exchanged his property interest in the Larchmont Street property for the release of his marital obligation to Irene M. Forbes who under the then existing Massachusetts law did not have rights in the transferred property sufficient to make her a co-owner. Federal law dictates that such an exchange is a taxable event for plaintiff rather than a non-taxable division of property by co-owners. *United States v. Davis, supra*; I.R.C. (1954) §§ 1001, 1002. Accordingly a summary judgment will enter for the defendant and plaintiff's motion for summary judgment will be denied.