DANIEL DONAHUE & another *vs.* GEORGE E. HUBBARD.

Worcester.   September 28, 1891. — October 26, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Husband and Wife — Estate in Entirety — Conveyance of Husband's Interest to Wife.*

Where an estate is held by a husband and wife in entirety, he may make a valid conveyance of his interest to his wife, through a third person.

CONTRACT, for money had and received, brought by Daniel Donahue and Anna Donahue, his wife, jointly, against the assignee of a mortgage, to recover the surplus proceeds received by him upon a sale of the mortgaged premises. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, which so far as material to the point decided were as follows.

On October 16, 1882, one Sullivan did by a warranty deed, "in consideration of three thousand four hundred and thirty-five dollars, paid by Daniel Donahue and Anna Donahue (husband and wife), . . . convey unto the said Daniel Donahue and Anna Donahue a certain tract or parcel of land" in Worcester. On the same day, Daniel and Anna Donahue executed a mortgage of the premises to secure the sum of $2,450, which mortgage, on February 20, 1888, was duly assigned to the defendant. The agreed statement of facts then recited that "on September 12, 1883, said Daniel Donahue alone executed a quitclaim deed of all his right and title in said premises to one Timothy Keane, a copy of which is hereto annexed marked B, and on the same date said Keane executed to said Anna Donahue a quitclaim deed of all his right and title in said premises, a copy of which is hereto annexed marked C, both of said last conveyances being made with the knowledge and oral assent of said Anna Donahue." The deeds marked A and B were quitclaim deeds, given "in consideration of one dollar and other valuable considerations." In May, and again in December, 1888, Anna Donahue alone executed and delivered to the defendant a mortgage on the premises, each to secure the sum of $200, and the $400 re-

sulting therefrom was paid to her in Daniel's presence and at his request, and he gave oral assent to both mortgages, and in them released all his right to any estate by the curtesy in the granted premises.    On June 3, 1889, the defendant sold the premises under a power of sale contained in the mortgage of October 16, 1882, and there remained in his hands the sum of $431.30, to recover which this action was brought.    The plaintiffs demanded payment of this surplus, but the defendant refused to pay it over, claiming the right to apply the same to the satisfaction of the second and third mortgages given him by Anna Donahue alone, which at the date of the foreclosure amounted in principal and interest to $411.66.

*E. J. McMahon,* for the defendant.

*H. L. Parker,* for the plaintiffs.

ALLEN, J.    Prior to the St. of 1885, c. 237, a conveyance of land to husband and wife created the peculiar title sometimes called an estate by entireties, or in entirety.    Neither could sever this title so as to defeat or prejudice the title of the survivor. *Pray* v. *Stebbins,* 141 Mass. 219, and cases cited.    We find nothing, however, to show that it has ever been considered that a husband could not convey his title through a third person to his wife.    On the other hand, the peculiar feature of this kind of estate is that each is secure against an impairment of rights through the sole act of the other.    2 Bl. Com. 182.    Cruise Dig. tit. 18, c. 1, §§ 44–49.    1 Preston, Est. 131.    2 Kent Com. 132; 4 Kent Com. 362.    1 Washb. Real Prop. (3d ed.) 425.    There is nothing in this to prevent the wife's acquiring the title of her husband, and in *Meeker* v. *Wright,* 76 N. Y. 262, 272, it was held that this might be done.    This part of the decision in *Meeker* v. *Wright* was not questioned in *Bertles* v. *Nunan,* 92 N. Y. 152, or in *Zorntlein* v. *Bram,* 100 N. Y. 12, and we have found nothing in any of the books denying the doctrine.

Such a transfer of the husband's title appears to have been made in the present case by the deeds of Daniel Donahue to Keane, and of Keane to Mrs. Donahue.    It is true that the statement of facts does not show in express terms that both of these deeds were a part of one and the same transaction, as it properly should have done.    But the plaintiffs in their brief recite that the husband had released all his rights to his wife

through a conduit. The deeds were both executed on the same date; the consideration expressed was one dollar and other valuable considerations; the statement of facts recites that both of these conveyances were made with the knowledge and oral assent of Mrs. Donahue. We believe we should defeat the intention of the parties if we did not assume that the deeds were parts of one transaction, since the counsel for both parties have so assumed in their arguments.

The effect was that the title vested in Mrs. Donahue. Her subsequent mortgages to George E. Hubbard were, therefore, valid, and he, upon a sale made under the power of sale contained in the first mortgage, might legally retain from the proceeds the sums due to himself under the two subsequent mortgages.

This would still leave a small balance of $19.64 in his hands to be paid over to Mrs. Donahue. This, however, cannot be recovered in an action brought by her husband and herself jointly. Application may be made in the Superior Court for leave to amend by striking out the name of Daniel Donahue as co-plaintiff, and, if granted, Mrs. Donahue may have judgment for said sum; *Fay* v. *Duggan,* 135 Mass. 242; otherwise, the order must be,                              *Judgment affirmed.*