LILLIAN T. HALE *vs.* HENRY A. HALE.

Middlesex. January 3, 1955. — March 3, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Tenants by the Entirety. Real Property,* Tenancy by the entirety. *Deed,* Conveyance between spouses, Acknowledgment. *Husband and Wife,* Tenancy by the entirety, Conveyance between spouses. *Evidence,* Certificate of acknowledgment. *Notary Public.*

A duly acknowledged and recorded deed from a wife directly to her husband of all her interest in real estate then held by them as tenants by the entirety was, under G.L. (Ter. Ed.) c. 209, § 3, effective to convey her interest to him. [331–332]

A finding that a deed given some fourteen years previously had not been duly acknowledged would not be warranted where the deed contained a certificate of acknowledgment by a notary public in due form and there was nothing to contradict the certificate beyond testimony by the

grantor that she did not remember appearing before a notary public and acknowledging the deed and testimony by the grantee that he was not sure where the grantor signed the deed and that he took it to the registry of deeds for recording immediately after it was signed. [333–334]

PETITION, filed in the Probate Court for the county of Middlesex on May 12, 1953.

The case was heard by *Monahan*, J.

*Isadore H. Y. Muchnick*, (*James M. McDonough* with him,) for the petitioner.

*Walter H. McLaughlin*, (*Arthur M. Gilman* with him,) for the respondent.

SPALDING, J. On February 3, 1940, the petitioner and the respondent, then husband and wife, became owners as tenants by the entirety of a parcel of real estate in Newton. On June 5, 1940, the petitioner executed a quitclaim deed to the respondent by which she conveyed to him "all . . . [her] right, title and interest" in the property. The instrument contained what purported to be a proper acknowledgment dated June 5, 1940, and it was recorded on that day. Following a rescript from this court in 328 Mass. 652 the parties were divorced by a decree which became absolute on December 3, 1951. The petitioner now seeks a partition of the property on the ground that her deed was ineffective to convey to the respondent her interest in the tenancy by the entirety.

After hearing and without decision the judge pursuant to G. L. (Ter. Ed.) c. 215, § 13, reserved and reported the case to this court upon the pleadings and the evidence. There is virtually no dispute as to most of the facts. The parties differ, as will appear later, as to whether the instrument purporting to convey the petitioner's interest to the respondent was duly acknowledged.

The question to be decided is whether the deed of June 5, 1940, was effective to convey the petitioner's interest in the property to the respondent. If it was not, then the tenancy by the entirety would have continued until it was terminated by the divorce of the parties; at that time the tenancy would have been converted into a tenancy in common by operation

of law and the petitioner would now be entitled to maintain this petition for partition. *Bernatavicius* v. *Bernatavicius,* 259 Mass. 486.

Whether a spouse may put an end to a tenancy by the entirety by conveying his or her interest in it directly to the other spouse is a question which has never been decided in this Commonwealth. For the reasons hereinafter stated we are of opinion that the tenancy may be terminated by such a conveyance.

The characteristics of a tenancy by the entirety have been stated in many decisions and are so familiar that an extended discussion of them is not necessary. See *Licker* v. *Gluskin,* 265 Mass. 403, 405, and cases cited; *Ames* v. *Chandler,* 265 Mass. 428; *Pineo* v. *White,* 320 Mass. 487, 490–491. One of its distinguishing features is that "There can be no severance of such estate by the act of either alone without the assent of the other . . . and the survivor becomes seised as sole owner of the whole estate regardless of anything the other may have done." *Licker* v. *Gluskin,* 265 Mass. 403, 404. *Donahue* v. *Hubbard,* 154 Mass. 537, 538. *Woodard* v. *Woodard,* 216 Mass. 1, 2. *Pineo* v. *White,* 320 Mass. 487, 491. It has been held that the statute (now G. L. [Ter. Ed.] c. 209, § 1) which enables a married woman to "receive . . . hold, manage and dispose of property, real and personal, in the same manner as if she were sole" does not apply to estates by the entirety of husband and wife. Thus so far as that statute is concerned the rights and disabilities of the spouses with respect to such estates are still subject to the common law. *Pray* v. *Stebbins,* 141 Mass. 219, 222–223. *Licker* v. *Gluskin,* 265 Mass. 403, 406. Hence despite this statute a married woman cannot convey her interest in the tenancy to a third person; nor can her interest be attached and sold on execution by her creditor. *Licker* v. *Gluskin,* 265 Mass. 403. *Pineo* v. *White,* 320 Mass. 487, 491.

Here, however, we are concerned with a conveyance between husband and wife. It is familiar law that at common law neither could convey land directly to the other. But the

common law has been modified by statute. It was provided by St. 1912, c. 304, now G. L. (Ter. Ed.) c. 209, § 3, in substance that conveyances of real estate other than mortgages, between husband and wife, shall be valid to the same extent as if they were sole. "This section is complete in itself covering a new subject and conferring rights and privileges not theretofore existing." *Erickson* v. *White*, 288 Mass. 451, 452. Thus what was excluded from the application of G. L. (Ter. Ed.) c. 209, § 1, by judicial interpretation is not necessarily excluded from the application of § 3. By its terms § 3 does not exclude estates by the entirety. And on principle there would appear to be no sound reason to construe that statute as precluding a spouse from conveying his or her interest in such an estate to the other. Even before conveyances of real estate between husband and wife were authorized by statute it was held that a husband could convey his interest in a tenancy by the entirety to his wife through a third person. *Donahue* v. *Hubbard*, 154 Mass. 537. What could formerly be done indirectly ought, in view of G. L. (Ter. Ed.) c. 209, § 3, to be permissible now by a direct conveyance, and there is an intimation to that effect in *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486.[1] And obviously those rights which the court preserved by holding that § 1 did not change the common law with respect to such estates will not be defeated by permitting one spouse to convey his or her interest to the other. It is one thing for a spouse to attempt to put an end to the tenancy by a conveyance of his or her interest to a third person and quite another to convey that interest to the other spouse. In the former case the granting spouse is attempting unilaterally to impair the rights of the other; in the latter case he or she, with the assent of the other spouse, is adding to those rights. The acceptance in such a case by one spouse of the other's deed operates as an assent to the conveyance.

---

[1] In that case the court said at page 487, "[T]he quality of . . . [an estate by the entirety] continues until it is changed by deed of both parties, *or possibly of one party directly or indirectly to the other*, or by the death of one of the parties" (emphasis supplied).

Although the statutes authorizing conveyances of real estate between husband and wife vary somewhat from State to State, it has generally been held under such statutes that one spouse may effectively convey his or her interest in a tenancy by the entirety to the other. *Hunt* v. *Covington,* 145 Fla. 706. *Enyeart* v. *Kepler,* 118 Ind. 34. *Elson* v. *Elson,* 245 Mich. 205. *Schumann* v. *Curry,* 121 N. J. Eq. 439. *Meeker* v. *Wright,* 76 N. Y. 262. *Hardwick* v. *Salzi,* 46 Misc. (N. Y.) 1.

The statute discussed above (G. L. [Ter. Ed.] c. 209, § 3) which authorizes conveyances of real estate between husband and wife provides that "no such conveyance . . . shall have any effect, either in passing title or otherwise, until the deed . . . is duly acknowledged and recorded . . . ." See *McOuatt* v. *McOuatt,* 320 Mass. 410, 414–415. The petitioner contends that her deed of June 5, 1940, conveyed nothing to the respondent because, the evidence shows that it was not duly acknowledged in accordance with the statute. Although there is no finding of the judge on the issue of acknowledgment, we are of opinion that a finding that the deed was not duly acknowledged would not be justified. The deed contains a certificate of acknowledgment by a notary public to the effect that the petitioner appeared before her on June 5, 1940, and acknowledged the instrument to be her free act and deed. The notary's certificate is proof presumptively of a valid acknowledgment. "'The legal presumption of the proper performance of official duty by a public officer requires that this effect should be given it.'" *Iantosca* v. *Iantosca,* 324 Mass. 316, 321–322. Perhaps strictly speaking this is not a true presumption but rather the drawing of an inference of regularity and compliance with law. See *Moroni* v. *Brawders,* 317 Mass. 48, 52–53; Wigmore on Evidence (3d ed.) § 2534. The recitals in the certificate, of course, could be contradicted but we are of opinion that the evidence fell far short of doing so. The petitioner testified that she did not remember appearing before a notary and acknowledging the deed. All that the respondent's testimony added to this was that he was

not sure whether the petitioner signed the deed at home or at his office, but he took it to the registry for recording immediately after it was signed. This did not rebut the presumption or inference of regularity raised by the certificate. There would be little security in conveyances of real estate if a certificate of acknowledgment could be set at naught by such evidence fourteen years later.

Since the deed from the petitioner to the respondent was valid, the petitioner is not entitled to partition. A decree is to be entered dismissing the petition.

*So ordered.*