## HARRY L. GORDON *vs.* CECILE H. GORDON.

Suffolk.  October 19, 1979. — December 31, 1979.

Present: GOODMAN, ROSE, & KASS, JJ.

*Real Property,* Tenancy by the entirety. *Tenants by the Entirety.*
   *Deed,* Conveyance between spouses, Acknowledgment. *Husband*
   *and Wife,* Tenancy by the entirety, Conveyance between spouses.

Where a husband and wife conveyed to the wife real estate originally
   held by the parties as tenants by the entirety, acknowledgment of
   the deed by the wife alone was sufficient to satisfy the require-
   ments of G. L. c. 209, § 3, as in effect prior to St. 1975, c. 558, § 2.
   [862-865]

CIVIL ACTION commenced in the Superior Court on
March 19, 1975.

The case was heard by *Young, J.*

*Herbert J. Cooper* for the plaintiff.

*Harvey R. Peters* for the defendant.

ROSE, J. The sole issue on appeal is whether a deed
dated December 15, 1970, signed by the husband and
wife and conveying to the wife alone the real estate orig-
inally held by the parties as tenants by the entirety was
"duly acknowledged" as required by G. L. c. 209, § 3, as
in effect prior to St. 1975, c. 558, § 2,[1] where the deed was

---

[1] "[C]onveyances of real estate . . . between husband and wife shall
be valid to the same extent as if they were sole, except that no such
conveyance of real estate shall have any effect, either in passing title
or otherwise, until the deed describing the property to be transferred
is duly acknowledged and recorded . . . ."

By St. 1975, c. 558, § 2, the statute was rewritten so that acknow-
ledgment and recording of transfers of property between husband
and wife are no longer required to validate such transfers. General
Laws c. 209, § 3, now provides that "[t]ransfers of real and personal
property between husband and wife shall be valid to the same extent

acknowledged only by the wife. The judge dismissed the husband's complaint brought on March 19, 1975, to set aside the conveyance, ruling that the wife's acknowledgment was sufficient to validate the deed. On the wife's counterclaim for declaratory relief, the judge declared the deed valid and binding between the parties and effective to convey title to the wife. We agree with the judge's ruling, for the reasons stated below.

The facts are not in dispute. On June 25, 1969, the Gordons acquired the land in question as tenants by the entirety. Their relationship before and after the purchase of the property was marked by marital discord. Toward the end of 1970 they had resumed a joint marital domicil in Boston and were in the process of trying to improve their relationship. On December 14, 1970, following a conversation between the spouses on the preceding day, Mrs. Gordon went to an attorney and told him, "Harry wants the deed changed into my name." On December 15, 1970, Mrs. Gordon picked up a deed prepared by the attorney, dated December 15, 1970, with the names of both spouses typed on the acknowledgment portion of the deed. That evening, in the bedroom of their home, Mr. Gordon signed the deed.[2] Mrs. Gordon signed it on the morning of December 16, 1970, and took it, by herself, to a notary public before whom she acknowledged the instrument to be the free act and deed of herself and of her husband. Mr. Gordon was not present at that time. The notary affixed his signature and seal below the recitation that both had personally appeared

---

as if they were sole." Pursuant to G. L. c. 183, § 29, a certificate of acknowledgment or proof of the due execution of a deed is required to be endorsed upon or annexed to the deed before it can be recorded.

[2] In his complaint, the husband alleged that he had not signed the deed, and that the signature on the deed was not his. The judge expressly found, however, that the husband did sign the deed.

In his motion for a new trial and on appeal the husband no longer makes this contention, but relies on an alternative contention, first alleged in his amended complaint, that the deed was not validly acknowledged.

before him and acknowledged the instrument as their
free act and deed.[3] Mrs. Gordon then took the deed to
the attorney with instructions to have it recorded. For
some unexplained reason, the deed was not recorded un-
til July 6, 1971. On October 11, 1974, Mrs. Gordon com-
menced a divorce action which subsequently resulted in
a final judgment of divorce.

The issue before us is whether the wife's acknowledg-
ment is sufficient to validate the deed under G. L. c. 209,
§ 3.[4] That statute, as in effect prior to St. 1975, c. 558,
§ 2, expressed a legislative decision to allow transfers of
real property between husband and wife, and to impose
upon such transfers the requirement that a deed be-
tween husband and wife be "duly acknowledged and re-
corded . . . ."[5] The principal function of an acknowledg-
ment is that it is required for the recording of a deed, and
furnishes formal proof of the authenticity of the execu-
tion of the instrument when presented for recording. See
*McQuatt* v. *McQuatt,* 320 Mass. 410, 413-414 (1946). In
ordinary circumstances, title to real estate may be trans-

---

[3] The deed recites that "Harry L. Gordon and Cecile H. Gordon . . .
for consideration paid, grant Cecile H. Gordon . . . the land . . . ." The
deed is signed by both parties, and by a notary public in the acknow-
ledgment portion.

[4] The husband makes no argument based on the fact that the acknowl-
edgment incorrectly recited that Mr. Gordon "personally appeared"
before the notary public. It is undisputed that he did not so appear. As
the judge found, however, that alone would not be fatal to the convey-
ance here, since the wife's own acknowledgment was properly made.

[5] At common law, transfers of property directly between husband
and wife were prohibited, although such transfers could be made
through a third person. See, e.g., *Donahue* v. *Hubbard,* 154 Mass. 537
(1891). The common law was modified by St. 1912, c. 304, a precursor
of G. L. c. 209, § 3, permitting transfers of real property between
spouses, but requiring acknowledgment and recording. It was not
until St. 1954, c. 395, § 2, which rewrote G. L. c. 184, § 8, that a con-
veyance of real estate by a person to himself and his spouse as
tenants by the entirety was made valid, and in *Hale* v. *Hale,* 332
Mass. 329 (1955), it was held that, under c. 209, § 3, one spouse could
terminate a tenancy by the entirety by conveying his or her interest
in it directly to the other spouse.

ferred by a deed which has not been acknowledged, and such deed is good against the grantor and his heirs and those having actual notice. G. L. c. 183, § 4, as appearing in St. 1941, c. 85. By G. L. c. 209, § 3, however, the acknowledgment and recording of a deed between husband and wife was made a statutory prerequisite and is necessary to the validity of the deed. The purpose of the provision requiring acknowledgment and recording, as expressed by the court in *Malaguti* v. *Rosen,* 262 Mass. 555, 564 (1928), "was to prevent the deception and defrauding of creditors by making gifts of real property ineffective unless evidenced by recorded deed."

General Laws c. 209, § 3, does not specify by what method a deed between spouses is to be "duly acknowledged." For aid in construction we turn to G. L. c. 183, § 30, which provides that the "acknowledgment of a deed . . . shall be by one or more of the grantors or by the attorney executing it." A "grantor" is defined in G. L. c. 4, § 7, Eleventh, as "every person from or by whom a freehold estate or interest passes in or by any deed . . . ."[6] In *Hayden* v. *Peirce,* 165 Mass. 359 (1896), the court held that a husband alone can acknowledge a deed of his wife's separate property where his interest is only an estate by curtesy and he is a "grantor" only in the sense that he is releasing his curtesy rights. Accord, *Palmer* v. *Paine,* 9 Gray 56 (1857); *Perkins* v. *Richardson,* 11 Allen 538 (1866).[7] In *Shaw* v. *Poor,* 6 Pick. 86, 87-88 (1827), the court held that, under a predecessor statute to c. 183, § 30, acknowledgment of a deed by one grantor was suf-

---

[6] "[T]he term 'grantor' is the most common and comprehensive word used to mean one who transfers, by any mode of conveyance, property in houses or lands." *Dudley* v. *Sumner,* 5 Mass. 438, 471-472 (1809).

[7] "Although the [cited] cases could be considered authority for the proposition that a valid acknowledgment can be made by a husband alone where the grantors have held as tenants by the entirety, they would no longer apply to an acknowledgment by the husband of land owned entirely by the wife because of the . . . married women statutes. See [G. L.] c. 209, § 1 et seq." Park, Conveyancing § 304 n.61 (1968).

ficient, even though the deed was not acknowledged by the other grantor, who was solely seized of that part of the property at issue.

We think that the liberal judicial construction given to the word "grantor" as it now appears in G. L. c. 183, § 30, should be applied in the present case. The husband contends that the only interest that could be conveyed by the deed is the freehold interest of the husband, and that he alone is the grantor of that interest. We take this argument to mean that it is the husband alone who is relinquishing interest in the property and thus is the only true "grantor." However, we agree with the judge's ruling that, when a husband and wife holding lands as tenants by the entirety convey such property, both husband and wife are grantors, not the husband alone. The nature of the tenancy by the entirety is such that, as defined at common law, both husband and wife have one and the same interest. See 4A Powell, Real Property par. 620 (Rohan ed. 1978).[8] The spouses hold one indivisible estate in them both and in the survivor, this concept being founded on the common law doctrine that, in law, husband and wife constitute but one person. See *Bernatavicius* v. *Bernatavicius,* 259 Mass. 486, 487 (1927). With regard to the present case, we need not rely directly on this rather abstruse concept of a fictitious unity of persons,[9] in view of the foregoing judicial interpretations of the word "grantor" in c. 183, § 30. We conclude that either spouse alone could acknowledge the deed in question, since both at the time of conveyance had a freehold interest in the property, both joined in executing and signing the deed, and both spouses, therefore, were grantors within the meaning of G. L. c. 4, § 7, Eleventh.

---

[8] See now St. 1979, c. 727, which was enacted to equalize the rights of husbands and wives in property held as tenants by the entirety. The effective date of the act is February 11, 1980.

[9] "To me the conception is quite incomprehensible." *King* v. *Greene,* 30 N.J. 395, 413 (1959) (Weintraub, C. J., dissenting).

The husband argues that the wife cannot be a grantor because she is also the grantee of the deed, and one cannot convey by deed to oneself. While it is true that a person cannot convey to himself alone [10] (Park, Conveyancing, *supra* § 57), that is not the case here, where the freehold interest which was held by both the husband and wife was transferred to the wife.

Since the wife was one of the grantors to the deed, her acknowledgment alone satisfies the requirements of c. 183, § 30, making the deed "duly acknowledged" pursuant to c. 209, § 3, and effective to pass title to her.

*Judgment affirmed.*

---

[10] The common law rule has been modified in that a person may convey his interest in real estate to himself jointly with another person. See G. L. c. 184, § 8. We note that, in such a case, the grantor would also be the grantee of the deed.