MacLeod-Mancuso, Bonnie H., J.
In accordance with the Motion for Entry of Judgment jointly filed by Plaintiff The Real Estate Bar Association for Massachusetts, Inc. and Defendant National Loan Closers, Inc., the parties have stipulated and agreed to the entry of this Judgment, including the following Findings of Fact and Conclusions of Law that support it, and have agreed not to challenge the legal adequacy of the Findings and Conclusions in any potential future proceeding to enforce this Judgment. Furthermore, Defendant National Loan Closers, Inc. has agreed to the entry of this Judgment without admitting or conceding that is engaged in the unauthorized *498 practice of law as asserted by the Plaintiff. The entry of this Judgment shall not be construed as an admission or violation of the law or of liability by Defendant National Loan Closers, Inc. for any other purpose or proceeding. This Judgment shall be construed as solely remedial in nature, and shall not be construed as the payment of any fine, penalty, punitive assessment, or forfeiture.
Based upon the parties’ joint Motion and the parties’ consent, the Court hereby enters the following.
FINDINGS OF FACT
1. Plaintiff The Real estate Bar Association for Massachusetts, Inc., formerly known as the Massachusetts Conveyancers Association, Inc., is a corporation with a principal place of business at 50 Congress Street, Suite 600, Boston, Massachusetts. The Plaintiff is a bar association with a membership of approximately 2,300 Massachusetts real estate attorneys.
2. Plaintiff The Real Estate Bar Association for Massachusetts, Inc. has filed this action to restrain the unauthorized practice of law. See G.L.c. 221, §46A (“[n]o individual, other than a member, in good standing, of the bar of this commonwealth shall practice law”).
3. Jurisdiction over actions to restrain the unauthorized practice of law is specifically conferred on this Court by General Laws c. 221, §46B which provides that the Superior Court shall have jurisdiction in equity, upon petition of any bar association within the Commonwealth, to restrain violations of General Laws c. 221, §46A.
4. Defendant National Loan Closers, Inc. is a corporation organized and existing under the laws of the State of Kentucky with a principal place of business at 9891 Montgomery Road, Suite 236, in Cincinnati, Ohio.
5. Defendant National Loan Closers, Inc. is not authorized to practice law in Massachusetts.
6. Defendant National Loan Closers, Inc. advertises itself as “the nation’s leader in providing efficient, qualified, professional notaries and attorneys for your mobile and witness closings” and claims to “provide quality driven, prescreened, and experienced notary closers for all your signing needs.”
7. Defendant National Loan Closers, Inc. operates notary management systems known as “My Closing Tracker” and “Closing Board” (hereinafter, the “Software Management System”).
8. The Software Management System is a web-based program that “combines a real time closing scheduler along with one of the nation’s fastest growing notary database.” It can be used to identify, contact, hire, schedule, and manage, notaries public across the country to perform “witness only” closings.
9. A “witness only” closing is one where the individual presiding over the settlement of a residential real estate transaction acts as a witness and not as someone practicing law.
10. Defendant National Loan Closers, Inc. maintains a database of “signing agents” for use in connection with its Software Management System. The database includes contact information (name, home address, telephone numbers, e-mail, tax identification numbers, and notary experience) of notaries public who have indicated a willingness to perform “witness only” closings.
11. To have one’s profile appear generally in Defendant National Loan Closers, Inc.’s database of “signing agents,” a notary public completes an on-line application and agrees to Defendant National Loan Closers, Inc.’s “Notary Agreement.”
12. Under the terms of the “Notary Agreement,” each signing agent click-agrees to the following terms for each individual “signing” that is assigned to him or her:
a. That the signing agent is, and shall remain duly licensed or commissioned as a notary public in the jurisdiction in which he or she is conducting the “witness only” closing.
b. That the signing agent “shall not interpret or give advice or counsel to any parly before, during or after any signing concerning (i) the loan transaction, (ii) execution by any party of any document, or (iii) any document contained in the loan package.”
c. That the signing agent is being hired “for the purpose of monitoring completion and execution of the loan documents by all parties to the [real estate] transaction and witnessing and/or notarizing signatures on the loan documents as required.”
13. Although there is no charge to the notary public to become a signing agent, he or she can become a “Premier Member” by paying $29.99. As a “Premier Member,” the profile for the notary public appears before non-paying signing agents.
14. Defendant National Loan Closers, Inc. advertises that all of its signing agents “have gone through our application process in which we evaluate their background and work ethic, check references from previous customers, and test their knowledge of fundamentals.” Defendant National Loan Closers, Inc. also states that “qualified” notaries public “must attend our NLC training process before performing closings” and that it “ensures that all Signing Agents are up to date on pertinent issues and state specific documents.”
15. Defendant National Loan Closers, Inc. licenses access to its Software Management System to title companies, lenders, attorneys, and others (hereinafter “Vendors”). Vendors are able to use the Software Management System, and do use it, to locate and hire notaries public who are willing to preside over “witness only” closings in Massachusetts.
*499 16. In order to use the Software Management System and to access Defendant National Loan Closers, Inc.’s database of notaries public, each Vendor is required to click-agree to Defendant National Loan Closers, Inc.’s Vendor Service Contract.
17. Pursuant to the terms of the Vendor Service Contract, the Vendor retains Defendant National Loan Closers, Inc. and its signing agent “for the purpose of monitoring completion and execution of loan documents” and “witnessing and/or notarizing signatures on the loan documents” at the settlement of a real estate transaction.
Based on the foregoing Findings of Fact', the Court makes the following
CONCLUSIONS OF LAW
1. This Court has personal jurisdiction over Defendant National Loan Closers, Inc. pursuant to GL.c. 223A, §3.
2. Plaintiff The Real Estate Bar Association for Massachusetts, Inc., has the authority to bring this action pursuant to G.L.c. 221, §46B.
3. Massachusetts law prohibits anyone other than a licensed Massachusetts attorney from providing legal services for another party or from holding out to the public as able to provide legal services or the services of an attorney. G.L.c. 221, §46A.
4. It is unlawful for a corporation not authorized to practice law in Massachusetts to hold itself out or advertise as being competent, qualified, or authorized to engage in the practice of law or to provide legal services for Massachusetts real estate closings. G.L.c. 221, §46A.
5. The unauthorized practice of law includes not only the performance of acts which constitute the practice of law by an unlicensed person but also precludes intermediaries and practice brokers from controlling the flow of professional employment for profit and, as middlemen, from selling the services of lawyers. In re Shoe Mfrs. Protective Ass’n, Inc., 295 Mass. 369, 372 (1936) (corporation could not provide legal service through its employees, notwithstanding that its employees were licensed attorneys); Real Estate Bar Ass’n for Massachusetts, Inc. v. National Real Estate Information Services, 459 Mass. 512, 514 n.4, 946 N.E.2d 665 (2011) (Massachusetts law prohibits “unauthorized corporations, associations, and, individuals from practicing law on behalf of anyone other than themselves in Massachusetts”).
6. In Massachusetts, conveying an interest in real estate may be considered the practice of law. In re Opinion of the Justices, 289 Mass. 607, 613 (1935) (practice of law extends to conveyancing). When the conveyance is entrusted to a third person who is not a party to the real estate transaction, that person must be an attorney and must substantively participate in the conveyance. Real Estate Bar Ass’n for Massachusetts, Inc. v. National Real Estate Information Services, 459 Mass. 512, 514, 946 N.E.2d 665 (2011) (concluding that “the closing or settlement of the types of real estate transactions described in the record require not only the presence but the substantive participation of an attorney on behalf of the mortgage lender”).
7. “Witness only” closings are not permitted in Massachusetts. Real Estate Bar Ass’n for Massachusetts, Inc. v. National Real Estate Information Services, 459 Mass. 512, 532, 946 N.E.2d 665 (2011) (“As a matter of common and long-standing practice in the Common-wealth, an attorney must be involved in the closing or settlement of real property conveyances”).
8. In 2004, the Massachusetts Governor promulgated Standards of Conduct for Notaries Public that explicitly provides that a “notary public who is not an attorney licensed to practice law in Massachusetts, or who is not directly supervised by an attorney, shall not conduct a real estate closing and shall not act as a real estate closing agent.” Executive Order No. 455, §9(c).
9. In Massachusetts a notary public is a public servant performing a public duly. E.g., Hale v. Hale, 332 Mass. 329, 333 (1955) (notary public is a “public officer”); Iantosca v. Iantosca, 324 Mass. 316, 321-22 (1949) (certificate of acknowledgement by notary public is an “official duty by a public officer”); Porter v. Judson, 67 Mass. 175, 176 (1854) (recognizing notaries public act “as public officers, and their entries and records in some measure as official acts”). They promote, serve, and protect the public interest by administering oaths and affirmations; performing acknowledgements and jurats and witness signatures; issuing subpoenas; protesting commercial papers; and being present at the removal of the contents of bank safe deposit boxes and by acting as independent witnesses in a variety of situations The fees that may be charged for such public services are fixed by law. G.L.c. 262, §41 (notaries public may not charge more than $1.25 to notarize a document).
10. It is contrary to Massachusetts law and public policy for a private entity to aggregate the services of notaries public, or any public officials who exist to provide a public good, and to sell those services as a commercial good. G.L.c. 262, §41 (notaries public may not charge more than $1.25 to notarize a document).
11. By providing access to services of notaries public who contract with lenders to close real estate transactions in Massachusetts, Defendant National Loan Closers, Inc. is engaged in the unauthorized practice of law. Real Estate Bar Ass'n for Massachusetts, Inc. v. National Real Estate Information Services, 459 Mass. 512, 946 N.E.2d 665 (2011).
12. There is sufficient evidence to support the Findings of Fact as alleged by Plaintiff, The Real Estate Bar Association for Massachusetts, Inc.
13. If Defendant National Loan Closers, Inc. is not enj oined from engaging in acts that violate the statutes prohibiting the unauthorized practice of law, there is *500 a risk that members of the public will suffer injury, loss and damages as a result of such acts.
THEREFORE, it is hereby ADJUDGED and DECREED as follows.
1. Defendant National Loan Closers, Inc., in its own name and under any other business or other name, and any representative, agent, employee, person, association of persons, or corporation associated with or employed, operated, or controlled by it is hereby permanently enjoined from engaging in acts and activities constituting the practice of law in Massachusetts, including the following:
a. Any express or implicit holding out or representation to the public by advertising, promotional materials, internet sites, or otherwise, that Defendant National Loan Closers, Inc. may provide a software management system or other process which provides attorneys, notaries public, or other persons to perform real estate closings in Massachusetts.
b. Any express or implicit holding out or representation to the public by advertising, promotional materials, internet sites, or otherwise, that Defendant National Loan Closers, Inc. may provide the services of an attorney or that its services are performed by an attorney in Massachusetts.
c. The provision of any services, directly or indirectly, that constitute legal advice or counsel to any person, firm or corporation in for use in Massachusetts.
d. Any act of contracting, engaging, or arranging with an attorney, directly or indirectly, to provide any services in Massachusetts to customers or clients of Defendant National Loan Closers, Inc., or any parties to a real estate transaction in Massachusetts.
2. The prohibition set forth in paragraph 1, above, shall apply even if the services are offered, provided, or conducted by or through an attorney duly licensed to practice law in Massachusetts.
3. Within fourteen (14) days of the entry of this Judgment, Defendant National Loan Closers, Inc. shall cause its Software Management System to be altered so that its licensees or any other person using it cannot identify, contact, and/or manage any attorney, notary public, or other persons in Massachusetts.
4. Within fourteen (14) days of the entry of this Judgment, Defendant National Loan Closers, Inc. shall remove from public view and from public searches all persons listed on its web site who are located in Massachusetts.
5. Defendant National Loan Closers, Inc. shall take notice that any willful violation of this Judgment may be treated as civil and criminal contempt leading to the imposition of sanctions upon it, including incarceration and fines.
6. This Judgment is binding upon Defendant National Loan Closers, Inc., any corporate affiliates including franchisers, franchisees, parents, subsidiaries, and divisions, their successors and assigns, and any persons, association of persons, or corporations associated with or employed, operated, or controlled by Defendant National Loan Closers, Inc., and on their officers, agents, servants, employees, and upon those persons or entities in active concert or participation with Defendant National Loan Closers, Inc. who receive actual notice in any manner of this Judgment by personal service or otherwise.
7. The cost of filing this action ($280.00) is assessed .against Defendant National Loan Closers, Inc., which shall pay such cost within fourteen (14) days of the entry of this Judgment.