After a two-day trial, a judge of the Probate and Family Court concluded with respect to a deed to the subject property purportedly signed in 1996 by the plaintiffs, but recorded only in 2010, either that the plaintiffs did not sign the deed or that, if they did, their execution of that deed was not knowing, willing, and voluntary, because it was either procured through a misrepresentation by the defendant, on which the plaintiffs reasonably relied-and there was no opportunity for the plaintiffs to make a cursory examination or investigation-or the deed was fraudulently altered. The judge voided the deed, which is referred to by the parties, and which we will refer to, as "Deed 2."[3]
In this appeal the defendant argues first that several of the judge's findings of fact were clearly erroneous or not supported by the evidence. We disagree. All relevant findings of fact were supported by the evidence and the reasonable inferences that might be drawn therefrom. Such inferences need not be inescapable, but only reasonable. The judge was entitled to credit the testimony of a notary, Lois Seymour, that she would not have notarized the purported signature page of the deed with the crossed-out section and alteration present on it. Likewise, the evidence of the fraudulent back-dating of the trust document, and of Joseph Driscoll's listing of the property on his bankruptcy petition after the alleged date of Deed 2, by which he purportedly divested himself of any interest in the property, support the inference that Deed 2 was altered after notarization, or that the plaintiffs were fraudulently induced to execute it. Further, the absence of any theory put forward by the defendant at trial to explain why the transfer of the property would have been undertaken in two steps, through two different deeds, executed essentially at the same time-by the first of which the plaintiffs retained an interest in the property and by the second of which, Deed 2, they purported to divest themselves of that interest-supports the inferences drawn by the judge.
The defendant claims that fraud and misrepresentation were inadequately pleaded. First, the amended complaint alleged fraud in the forging of Deed 2, and identifies the deed that the defendant allegedly forged, as well as the date on which the forgery allegedly occurred. This satisfies the heightened pleading standards for fraud under Mass.R.Civ.P. 9(b), 365 Mass. 751 (1974). See Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 463 n.7 (1997) (fraud must be pleaded with particularity). Next, a stipulation with respect to what issues would be litigated, to which both parties agreed, included the question whether Deed 2 was knowingly and willingly signed, which in these circumstances includes as a subsidiary question whether the plaintiffs' signatures were obtained through a fraudulent misrepresentation with respect to the contents of Deed 2. Finally, these questions were fully and thoroughly litigated in this case-indeed they are essentially what the case was about from the outset. We think that the issues upon which the judge decided the case were adequately pleaded, and we find no lack of notice or unfair surprise. See Mass.R.Civ.P. 15(b), 365 Mass. 761 (1974) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings"). See also K.G.M. Custom Homes, Inc. v. Prosky, 468 Mass. 247, 257 (2014) ( Mass.R.Civ.P. 15 [b] does not require parties to amend pleadings).
Next, the defendant contends that G. L. c. 183, § 30, was misapplied. This claim was not raised below and therefore is waived. Nonetheless, even were we to consider it, it lacks merit. The question here, unlike in the case of Gordon v. Gordon, 8 Mass. App. Ct. 860, 862-864 (1979), cited by the defendant, is not whether Deed 2 was properly acknowledged; it is whether the plaintiffs signed Deed 2 at all and, if they did, whether they did so knowingly and willingly.
Finally, the defendant argues that her motion for a new trial should have been allowed. Aside from the claims that we have decided above, the defendant argued in her motion that she was denied the ability to put on her case. Because she has failed in her responsibility to provide us with all relevant transcripts it is difficult to assess her claim. See Mass.R.A.P. 9(c)(2) & (d), as amended, 437 Mass. 1602 (2002) (appellant is responsible for delivering relevant portions of transcript to clerk of lower court, who is then responsible for transmitting record to appellate court). Nonetheless, it is clear that, contrary to the defendant's assertion in her brief before us, she was not denied the right to present a defense at the close of testimony. The defendant acted pro se during the trial. At the end of the trial, the judge asked her whether she had any other witnesses, and she responded, "No, your Honor." The defendant also claims that she was not permitted to recall Seymour as a witness. That is not what is reflected in that portion of the transcript provided to us. The trial was held over two days in August and November, 2014. Seymour testified in August. At the beginning of the second day of trial in November, the defendant asked whether Seymour would be in court so that she might be impeached with documents the defendant asserted she now had. The judge said, "her testimony is concluded," and the defendant said, "Well, how do I get in the impeached [sic] evidence?" The judge responded, appropriately, "I can't give legal advice about how to do that." For aught that appears in the record, nothing prevented the defendant from calling Seymour as a witness on the second day of trial or, for that matter, from bringing the proper documents with her in order to impeach Seymour's testimony on the first day of trial. There was therefore no abuse of discretion in the judge's denial of the defendant's motion for a new trial. In the absence of any clear error in the judge's findings of fact, any abuse of discretion, or other error of law in the judgment, both the judgment and the order denying the motion for new trial are affirmed.
So ordered.
Affirmed.

Deed 2 purported to convey the subject property to the Country Lane Realty Trust (trust). The judge also voided as fraudulent the declaration of trust. Although the parties seem to agree that this step was unnecessary given the voiding of Deed 2, and the fact that the only property purportedly held by the trust was the subject property, the defendant has not challenged the aspect of the judge's decision voiding the trust document except insofar as it followed from the voiding of Deed 2. In light of this and of our affirmance of the judge's decision with respect to Deed 2, we leave in place that aspect of the judgment also voiding the trust document.